[No. 13470.   In Bank. — December 20, 1890.]

## JOHN VORWERK, APPELLANT, v. C. A. NOLTE, RESPONDENT.

VENDOR AND PURCHASER — CONTRACT OF SALE — CONSTRUCTION — USE OF PRINTED BLANK. — When a printed blank is used in a contract for the sale of land, if there is any doubt about how the contract is to be construed, and words found in the printed part are repugnant to the general scope and purpose of the contract, as the same appears from the original or written parts thereof, the latter must control.

ID. — CONTRACT MAKING TIME OF ESSENCE — PAYMENTS OF PURCHASE-MONEY — CONVEYANCE AT FUTURE TIME. — When the provision that "time is of the essence of the contract" is used in a contract of sale with reference to payments of purchase-money, its object is to protect the vendor against delays in future payments, and it has no application, where the price is already fully paid, and nothing remains to be done but to make the conveyance; and if such provision is contained in a printed form used in making the contract, it will not be construed to apply to the written promise of the vendor to execute a deed within one year.

ID. — VENDEE IN POSSESSION — TENDER OF DEED AFTER TIME LIMITED — RECOVERY OF PURCHASE-MONEY. — When the vendee remains in possession and receives the rents and profits after the time limited for the tender of a deed, he cannot avail himself of a promise of the vendor to return the purchase-money, with three per cent per month interest thereon, if he should fail to deliver a deed within one year, if a deed conveying good title is tendered within three days after a demand made therefor, and within eight days after the expiration of the year.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

Action to recover $3,750, and interest at the rate of three per cent per month from June 24, 1887. The action is upon a contract in writing, whereby the plain-

tiff agreed to pay, and did pay, to the defendant, $3,750 for a certain lot of land which the defendant agreed to convey to the plaintiff one year after the date of the contract. The contract was dated June 24, 1887. On the same day, and before the plaintiff paid to the defendant the said $3,750, the defendant made and executed the following agreement, to wit:—

"This agreement is to certify that I, the undersigned, promise to execute a deed to a lot on First Street, to which I executed, to-day, an agreement, and which has been paid in full by Mr. John Vorwerk, and in case of failure of the undersigned to deliver and execute a deed after one year from date hereof, bind myself to refund the purchase price, three thousand seven hundred and fifty dollars ($3,750), with interest at the rate of three per cent per month.                   C. A. NOLTE."

A deed was not tendered until July 2, 1888, when the tender thereof was refused. The contract to convey, in which Nolte was named as the party of the first part, and Vorwerk the party of the second part, acknowledged receipt, in full, of the purchase-money, $3,750, for the land described in the contract, and contained the following clauses: "It is further agreed that time is of the essence of this contract; and in the event of a failure to comply with the terms hereof by the said party of the second part, the said party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and to moneys theretofore paid under this contract, and interest in or to said moneys or said property shall thereupon immediately cease, as fully as if said moneys had never been paid or this agreement entered into. And the said party of the first part, on receiving such payment as hereby acknowledged at the time and in the manner above mentioned, agrees to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient deed of grant, bargain, and

sale, conveying to said party of the second part, or to his assigns, the title to said premises. Said perfect deed has to be executed by said first party and delivered to the said second party one year after date of this." On the first hearing of the cause in Bank, the judgment and order appealed from were reversed, upon the ground that the parties had agreed to make time of the essence of the contract, and that the failure to deliver the deed within the year, as agreed, made the vendor liable upon the contract to refund the purchase-money, with interest at the rate of three per cent per month. Further facts are stated in the present opinion of the court, which was rendered on rehearing of the cause in Bank.

*J. W. Mitchell,* and *Chapman & Hendrick,* for Appellant.

The contract was alternative to deliver the deed or to repay the money, with the agreed interest. (Chitty on Contracts, 624 b, subd. 2; 2 Wharton on Contracts, c. 18, secs. 619, 620; 2 Parsons on Contracts, 657.) The right of election is in the promisor. (3 Addison on Contracts, 1188.) The election must be made before the day of performance, or the right is lost, and passes to the other party. (Parsons on Contracts, 651; 2 Wharton on Contracts, secs. 620, 622; Civ. Code, sec. 1449; *Drake* v. *Harrison,* 69 Wis. 99; *Rewrick* v. *Goldstone,* 48 Cal. 554.)

*J. D. Bicknell,* and *R. H. F. Variel,* for Respondent.

Forfeitures are not favored and will not be enforced in equity, but will be relieved against where compensation can be made, and there is no grossly negligent, willful, or fraudulent breach of duty. (Civ. Code, sec. 3275; *Keller* v. *Lewis,* 53 Cal. 118; Story's Eq. Jur., sec. 1319, and cases cited; *McCormick* v. *Rossi,* 70 Cal. 474.) Plaintiff, being in possession under the contract, cannot reclaim the purchase-money without surrendering possession. (*Haynes* v. *White,* 55 Cal. 38; Civ. Code, sec.

1691; Pomeroy on Specific Performance, secs. 375, 376.)
There has been no time that the contract could not have
been specifically enforced by the plaintiff. (*Vassault* v.
*Edwards*, 43 Cal. 459.) Defendant never had the right
to elect not to make a deed, and the doctrine of election
is inapplicable.

*Stephen M. White, amicus curiæ*, also for Respondent.

Vorwerk's conduct in retaining possession constitutes
a waiver of the condition as to time of execution of the
deed. (Pomeroy on Specific Performance, secs. 394, 424.)
It is inconsistent with the maxim, *Qui sentit commodum
sentire debet et onus.*

Fox, J. — Upon rehearing and reargument of this
case, a fact is conceded which was before sufficiently
apparent to be suspected, but not sufficiently so, from
the record as printed here, to justify action upon it as
a fact proved; viz., that the original contract between
the parties was partly written and partly printed; that
in preparing it, the parties had used a form printed in
blank, in common use in the preparation of contracts
for the sale of real property, where deferred payments
were to be made; and that the words "time is of the
essence of this contract," as found therein, was a portion
of the printed and not of the written matter. If, there-
fore, there is any doubt about how the contract is to be
construed, the rule prescribed in section 1651 of the
Civil Code is to be applied in the construction thereof.
Applying this rule, and it appearing not only that the
contract was partly written and partly printed, but that
the printed part was prepared without special reference
to these particular parties or this particular contract,
the question is, whether these words so found in the
printed part are repugnant to the general scope and pur-
pose of the contract as the same appears from the
original or written parts thereof. Of this we think

there can be no doubt. It is a matter of common understanding that when these words — "time is of the essence of this contract" — are used, it is with reference to future payments; that their purpose is to protect the vendor against delays in payment of the purchase price, and the tying up of his estate beyond the fixed period, without the payment of the agreed compensation therefor; and that they have no place in the contract after the full price is paid, and when nothing remains to be done but to make the conveyance. Even where there are future payments to be made, if the time of payment is not fixed, time is not of the essence of the contract. (*Day* v. *Cohn*, 65 Cal. 508.) It is evident that in the blank used in this case, the words were inserted and used solely with reference to the duties of the vendee, the party of the second part; for immediately after them, and in the same connection, we find the following: "In event of a failure to comply with the terms hereof by the said party of the second part, the said party of the first part shall be released from all obligations in law and equity to convey said property," etc. Then, in another part of the instrument, — the written part thereof, — it is provided that the vendor, the party of the first part, shall have one year in which to make the conveyance, and it is alleged and found that this was done to enable him first to secure the cancellation of an existing mortgage, which was not then mature.

By the subsequent writing, made on the same day, it was provided that if the vendor failed to execute and deliver a deed "after one year from the date hereof," he should return the purchase price, with three per cent per month interest thereon. Meantime, the vendee went into immediate possession, and received the rents of the premises. The year expired June 24th. On the 29th, the purchaser demanded his deed, and three days later, which defendant testifies was as soon as he could have it prepared, he tendered the deed, duly executed. No ob-

jection was made to it that it was not properly executed, or did not convey good title. The vendee was still in possession, and had collected the rents up to a time even beyond that of the date of the tender. We think the deed was tendered in time, and that the defendant was not liable to an action for the return of the purchase-money, with the thirty-six per cent interest money thereon, or any part thereof.

The order heretofore made in this court in this cause is vacated and set aside, and the judgment and order appealed from are affirmed.

McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.

Rehearing denied.