[Civ. No. 22498.   Second Dist., Div. One.   Nov. 21, 1957.]

ALLEN W. WILSON, Appellant, v. JOHN W. WARD, Respondent.

James J. Baker and Alfred D. Williams for Appellant.

Boone & Satchell and James T. Satchell for Respondent.

WHITE, P. J.—Plaintiff has appealed from a judgment against him in his action for specific performance of a written contract and for damages and in defendant's cross-action for unlawful detainer. The judgment is that specific performance is denied, that plaintiff take nothing, and that defendant and cross-complainant recover possession of a certain vacant lot in Long Beach, and $2,600 as damages for unpaid rent to June 11, 1956, the date of the trial, with interest thereon at 7 per cent per annum until paid, together with his costs and disbursements.

The written agreement of which appellant seeks specific performance consists of two documents dated May 1, 1952, signed by plaintiff and defendant, one of which is as follows:

"REAL ESTATE OPTION

"Long Beach, California, May 1, 1952

Received of ALLEN W. WILSON, 4507 Faculty Avenue, Long Beach, California, the sum of Ten & No/100 Dollars ($10.00), and other valuable considerations, as part payment for the following described Real Property situate in Long Beach, California, County of Los Angeles, State of California

"N. 120' of W. 234' of Lot 21, Block 22, California Cooperative Colony Tract. Said description consisting of a parcel of land approx. 120'x234' in total area.

"The entire price to be paid for above described Real Property is (6,500.00) Six Thousand Five Hundred & No/100 Dollars, ($6,500.00) and to be paid as follows: This option is subject to the attached Lease covering the above property. The terms of the lease set forth that Allen W. Wilson is to pay a monthly rental of $100 for a term of Two (2) Years, and at the expiration of that date, or before, all rent money paid will be applied to the purchase price, and will be

considered as the down payment, and monthly payments will be continued on the basis of $100.00 per month, including interest of 6% on the unpaid balance with this exception: Any and all rent money paid up to and including the exercise of this option will be computed as the down payment, and the interest rate of 6% will also apply from the date of May 1, 1952, and the total amount of interest will be deducted from the amount of rent money paid, with the balance being considered the down payment. The property is now owned by JOHN W. WARD, 5881 Cherry Ave., Long Beach, California.

"A good and sufficient Deed to be executed and delivered by the said JOHN W. WARD, to ALLEN W. WILSON, or his heirs or assigns on or before the First day of May, 1954, together with a policy of title insurance, showing title from a date mutually agreed upon.

"Provided, however, that the payment of $6,500 is tendered or paid at said date. If the said payment of $6,500.00 is not paid or tendered on or before the First day of May, 1954, then this contract to be void and of no effect, and both parties released from all obligations herein, and in that event the said $10.00 paid on this date is to be retained by JOHN W. WARD as liquidated damages.

"Dated this First day of May, 1952."

The other paper was a lease of the same property for two years at a rental of $100 monthly, first and last month in advance, which referred to the option hereinabove quoted.

While appellant urges that he has $2,400 paid by him during his 24 months' lease, invested in this land, that is not so. The consideration for the option as therein expressed and presumed to be true was $10.

The court found upon sufficient evidence that the fair rental value of the lot was $100 per month. The lease was performed by plaintiff except that at the expiration of its two-year term on April 30, 1954, he did not quit and surrender the premises and from that date forward he failed and refused to pay any rental.

█ It is to be noted that the lease contains the following sentence: "(Refer to Real Estate Option dated May 1, 1952, attached to this lease.)" and the option contains the sentence: "This option is subject to the attached Lease covering the above property." The two documents must, therefore, be construed together as one agreement.

█ Only contracts which clearly express the intention of the parties may be specifically performed. The court found

that the agreement involved in the instant action was uncertain in that it is not ascertainable therefrom "how or in what manner exercise of the option or tender is to be made, whether by tendering payment of Sixty Five Hundred ($6500.00) Dollars, or by notice written or oral, or by payment of installments of One Hundred ($100.00) Dollars per month with or without notice of exercise of the option either orally or in writing."

Appellant in his complaint alleges:

"VII. That on or about April 15, 1954 and in pursuance of and reliance upon said option agreement, plaintiff did tender to defendant JOHN W. WARD, full performance thereupon.

"VIII. That defendant, JOHN W. WARD, did at said time and has since failed, refused, and neglected to accept said tender and did then and has since failed, refused and neglected to transfer and deliver to plaintiff a deed to said property or to perform his obligations under said option agreement in any manner whatsoever.

"IX. That at all times herein mentioned, plaintiff has been and is now ready, willing and able to perform upon said contract."

The court found untrue the allegations of said paragraphs VII, VIII and IX. It was further found:

"VI. . . . That after the term for exercise of the option, as provided therein had ended, and on or about May 4, 1954, plaintiff did personally and verbally offer to defendant, John W. Ward, to set up and establish an escrow for the purpose of purchasing the said above described real property.

"VII. That defendant, John W. Ward, did at said time, that is on or about May 4, 1954, refuse to accept plaintiff's offer to so establish an escrow and did then and has ever since refused to convey and deliver to plaintiff the deed to the above described real property . . ."

Appellant in his opening brief contends that "time was not of the essence of the agreement" and that his offer on May 4th to set up an escrow was a due and timely exercise of his option. In this connection he cites and relies upon quotations from the decisions in *Miller* v. *Cox*, 96 Cal. 339 [31 P. 161], *Vorwerk* v. *Nolte*, 87 Cal. 236, 240 [25 P. 412], and *Katemis* v. *Westerlind*, 120 Cal.App.2d 537, 543 and 545 [261 P.2d 553]. The cited cases involve bilateral agreements for the sale and purchase of land and are not applicable to

the situation now engaging our attention which concerns only an option to purchase land.

■ "The nature of such an option is too well settled to require much discussion. It is a unilateral agreement. The optionor offers to sell the subject property at a specified price or upon specified terms and agrees, in view of the payment received, that he will hold the offer open for the fixed time.

■ Upon the lapse of that time the matter is completely ended and the offer is withdrawn. If the offer be accepted upon the terms and in the time specified, then a bilateral contract arises which may become the subject of a suit to compel specific performance, if performance by either party thereafter be refused. ■ It is futile to discuss, as Appellant does discuss, the question as to whether or not the written option contained anything indicating that time was of the essence thereof. *Such considerations have nothing to do with options.*" (Emphasis added.) (*Auslen* v. *Johnson,* 118 Cal. App.2d 319, 322 [257 P.2d 664].)

The proposal was revoked by the lapse of the time prescribed. (Civ. Code, § 1587, subd. 2.)

In appellant's reply brief, he states that "in January the seller went to the buyer and asked him if he was going to exercise the option to purchase the property. The buyer stated 'Yes . . . he intended to purchase the land.' . . . Every $100.00 monthly payment made thereafter, was a payment on the purchase price on an instalment basis just exactly as the agreement contemplated . . . Appellant was performing his covenant to pay the purchase price in the manner intended and had been doing so for several months prior to May 1, 1954, but despite this performance, the respondent seller failed and refused to perform his side of the contract by failing and refusing to deliver a deed or to deliver a policy of title insurance."

It is the contention of appellant in his reply brief that his demand for a deed and title policy on May 3d or 4th was not a belated attempt to exercise the option (which he claims had been exercised by him in January), but merely a demand for performance on the part of the respondent seller, who was then in default.

In this contention, appellant cites and relies upon the cases of *Cates* v. *McNeil,* 169 Cal. 697, 703, 704 [147 P. 944], and *Murfee* v. *Porter,* 96 Cal.App.2d 9, 17, 18 [214 P.2d 543]. The Cates and Murfee cases, *supra,* both hold that an option agreement, like any other contract, may be enforced in

accordance with the intent of the parties as evidenced by the terms of the agreement. The lease considered in the Cates case provided that the lessee (optionee) "after having paid the rent on said property for the term of ten years shall *then* have the right and option to purchase said property. . . ." The court there found timely service of written notice that the optionees "hereby exercise their option to purchase and are ready and willing to purchase the land in said lease described at the said price. . . ." and demand that deed be placed in escrow with the bank, title company, or individual selected by the optionor, and statement that "we will at once deposit therewith the full amount of such purchase price . . ."

In the Murfee case, *supra,* the option period expired on June 20, 1947, and the court found that sufficient notice of intention to exercise the option had been served prior to that date. The payment and conveyance were also handled through escrow.

In neither the Cates nor the Murfee case is payment made an essential condition to the exercise of the option to buy, and in them "all that was necessary . . . to do as far as the terms of the option are concerned in order to constitute a binding contract for the sale and purchase of the premises was to give notice of their acceptance of the right. This they did . . ."

We cannot reconcile the holdings of those two cases, or either of them, with the facts of the instant action. ■ Here the option agreement provided that "If the said payment of $6,500.00 is not paid or tendered on or before the First day of May, 1954, then this contract to be void and of no effect, and both parties released from all obligation herein." No such payment was ever made or tendered.

■ An option being a unilateral agreement binding only the optionor, it is only fair that the offer therein contained expire at the time therein expressed unless previously exercised in the manner provided. The option in the instant action was not exercised.

The judgment is affirmed.

Fourt, J., and Drapeau, J.,* concurred.

---

*Assigned by Chairman of Judicial Council,