Filed 4/17/23  Siipola v. City of Redding CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JOSHUA JAMES SIIPOLA, | C096121 |
| Plaintiff and Appellant, | (Super. Ct. No. 21-CV-CV-0198512) |
| v. | |
| CITY OF REDDING, | |
| Defendant and Respondent. | |

Plaintiff Joshua James Siipola was terminated as a police officer by defendant City of Redding (City).  Siipola wanted to challenge his termination through an established grievance procedure, but his attorney failed to timely request arbitration.  After the City refused to make an exception for Siipola by accepting his untimely request for arbitration, Siipola filed a verified complaint for declaratory and injunctive relief in the trial court.  In the complaint, Siipola argued his attorney failed to timely request arbitration due to mistake, inadvertence, surprise, or excusable neglect pursuant to Code of Civil Procedure

1

section 473, subdivision (b).  The trial court disagreed and sustained the City's demurrer without leave to amend, thus dismissing Siipola's case.

On appeal, Siipola agrees that the trial court's ruling pertaining to Code of Civil Procedure section 473 was correct.  Instead, he argues he could amend his complaint to state a claim under Civil Code[1] section 3275 such that the City is compelled to excuse his forfeiture and accept his untimely request to arbitrate.  We disagree and affirm.

FACTUAL AND PROCEDURAL HISTORY

It is undisputed that Siipola is a member of the Redding Peace Officers Association (Association) and subject to the rules and obligations outlined in the memorandum of understanding between the Association and the City.  Pursuant to the memorandum of understanding, disciplinary actions against a police officer can be challenged through a grievance procedure consisting of several steps, culminating in binding arbitration.  "Failure by the employee to meet any of the . . . time limits as set forth in [this agreement] will result in forfeiture.  If the City fails to answer a grievance on a timely basis, the grievance may be advanced to the next step.  Except, however, that the . . . time limits may be extended by mutual agreement."

Siipola was terminated as a police officer in 2021.  Siipola appealed the termination and timely filed an appeal with the City's chief of police and the City's manager.  Both appeals were denied.  By application of the deadlines contained in the memorandum of understanding and agreement of the parties, Siipola had until October 1, 2021, to decide whether he wanted to proceed to mediation or binding arbitration and to inform the City of his election.

On September 8, 2021, Siipola's attorney advised him of the decision to be made, and Siipola promptly told his attorney to proceed with binding arbitration.  Siipola's

---

[1]     Further undesignated section references are to the Civil Code.

2

attorney, however, never communicated this decision to the City. During this same time, Siipola's attorney "had been advised his children's school would be transitioned from in-person to distance learning due to additional cases of Covid-19. [Citation.] As a consequence, he had to transition back to working from home during this time. [Citation.] In addition, on September 11, 2021, [Siipola's attorney]'s child tested positive for Covid-19. [Citation.] At this time, his two other children then proceeded to exhibit symptoms and/or test positive as well resulting in his family quarantining at home until September 21, 2021."

On November 1, 2021, Siipola asked his attorney to confirm that arbitration was set. From this communication, Siipola's attorney realized that he had failed to request arbitration on Siipola's behalf before the October 1, 2021 deadline. The City refused to excuse the untimely request for arbitration, and instead considered Siipola's grievance forfeited.

Siipola filed a complaint for declaratory and injunctive relief arguing Code of Civil Procedure section 473, subdivision (b) required the City to recognize his untimely request for arbitration because of his attorney's inadvertence and mistake. The trial court disagreed that Code of Civil Procedure section 473, subdivision (b) applied to Siipola's case and sustained the City's demurrer without leave to amend. As it pertains to possible amendment of the complaint, the trial court found that "[Siipola's] Opposition fail[ed] to provide any indication of how the Complaint could be amended to correct the issues noted in the Demurrer."

Siipola appeals.

## DISCUSSION

Siipola contends the trial court erred by sustaining the City's demurrer without leave to amend. He argues the facts alleged in his complaint state a claim for relief under section 3275, which would compel the City to excuse his forfeiture and recognize his election to proceed to arbitration. We disagree.

3

"Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) A plaintiff may seek leave to amend for the first time on appeal and may argue the trial court abused its discretion in sustaining a demurrer without leave to amend even though the plaintiff did not seek to amend in the trial court. (Code Civ. Proc., § 472c, subd. (a) ["When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made"]; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 970-971 [trial court's abuse of discretion in sustaining a demurrer without leave to amend reviewable on appeal even in absence of a request for leave to amend].)

Section 3275 provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." Section 1427 defines obligation as "a legal duty, by which a person is bound to do or not to do a certain thing."

"[Section 3275's] proscriptions against forfeiture apply in any case in which the party seeking relief from default has brought himself within the terms of the section by pleading and proving facts that justify its application. [Citation.] In determining whether a given case falls within section 3275, however, it is necessary to consider the nature of the contract and the specific clause in question." (*Holiday Inns of America, Inc. v. Knight* (1969) 70 Cal.2d 327, 330 (*Holiday Inns*).)

The contract at issue here is a memorandum of understanding between the City and the Association representing the City's police officers. The contract binds the City and the Association and its members in many regards. The specific provision in question

4

contains the procedure by which the City processes grievances lodged by members of the Association. The grievance procedure requires police officers who want to challenge disciplinary action or termination to follow a certain process and time constraints when appealing disciplinary decisions. The grievance procedure at the center of this dispute does not constitute an "obligation" within the meaning of sections 1427 and 3275 because the grievance procedure does not bind Siipola to do or not to do anything. Instead, the grievance procedure permits Siipola to pursue a grievance according to a certain procedure if he so wishes. In essence, the grievance procedure is an option and not an obligation. (See *Wilson v. Ward* (1957) 155 Cal.App.2d 390, 394 [the nature of an option contract is that the optionor offers something at a specified price or upon specified terms and agrees to hold the offer open for a fixed time; upon the lapse of that time, the offer is withdrawn].)

Siipola disagrees and argues the grievance procedure obligated him to elevate his grievance within certain time constraints. We are not persuaded. It is true that once Siipola chose to submit a grievance he was bound by the requirements in the memorandum of understanding. But the deadlines pertinent to the grievance procedures were not a legal obligation. Nothing in the memorandum of understanding imposed upon Siipola the duty to pursue the grievance at each step of the grievance procedure.

*Holiday Inns* is instructive. There, the plaintiffs were optionees under a contract granting an option to purchase real property owned by defendants. The option could be exercised by giving written notice by a particular date and making an initial payment of $10,000 with four additional $10,000 payments on July 1 of each successive year, unless the option was exercised or cancelled before the next payment became due. (*Holiday Inns*, *supra*, 70 Cal.2d. at p. 328.) The contract contained a cancellation provision providing that the parties mutually understood that failure to make payments on or before the prescribed date would automatically cancel the option without further notice. (*Ibid*.) The plaintiffs made the initial payment and two additional payments in 1964 and 1965.

5

(*Id*. at p. 329.)  In 1966, the plaintiffs mailed its fourth $10,000 check to one of the defendants, who received it on July 2, 1966.  (*Id.* at p. 329.)  The defendant refused to accept the check and, after further efforts by plaintiffs, defendants refused to accept payment entirely.  (*Ibid*.)

The plaintiffs argued they should have been relieved from default under section 3275.  (*Holiday Inns*, *supra*, 70 Cal.2d at p. 329.)  Our Supreme Court agreed stating: "Although the contract in the instant case is an option contract, the question is not whether the exercise of the option was timely, but whether the right to exercise the option in the future was forfeited by a failure to pay the consideration for that right precisely on time." (*Id*. at p. 330.)  The court found the defendants' reliance upon cases involving "the time within which an option must be exercised" was misplaced.  (*Ibid.*, citing *Cummings v. Bullock* (9th Cir. 1966) 367 F.2d 182, *Wilson v. Ward*, *supra*, 155 Cal.App.2d 390.)  The court reasoned those cases "correctly held that such time cannot be extended beyond that provided in the contract.  To hold otherwise would give the optionee, not the option he bargained for, but a longer and therefore more extensive option.  In the present case, however, plaintiffs are not seeking to extend the period during which the option can be exercised but only to secure relief from the provision making time of the essence in tendering the annual payments.  [Citation.]  In a proper case, relief will be granted under section 3275 from such a provision." (*Holiday Inns*, *supra*, 70 Cal.2d at pp. 330-331.)

Here, Siipola asks us to determine whether he timely exercised the option to submit his termination to binding arbitration.  Relief under section 3275 is not proper under these facts because it would extend the period during which the option could have been exercised.  Accordingly, Siipola has not carried his burden to show amendment would cure the defect in his complaint.  We thus affirm.

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


 /s/
ROBIE, Acting P. J.


We concur:


 /s/
RENNER, J.


 /s/
KRAUSE, J.

7