(May 27, 1921.)

## A. L. MURPHY, Appellant, v. S. J. LIVESAY and ALICE B. LIVESAY, Respondents.

[197 Pac. 536.]

BROKERS — AUTHORITY IN WRITING — DESCRIPTION OF LAND — SUFFICIENCY—STATUTE OF FRAUDS.

1. In order to comply with the requirements of C. S., sec. 7979, providing that no contract for the payment of a commission for procuring a purchaser for real estate shall be valid unless in writing, such contract must state the essential terms thereof, one of which is the description of the property involved, and this

---

1. Right to recover on *quantum meruit* for broker's services in buying or selling real estate, where contract was not in writing as required by statute of frauds, see note in 17 A. L. R. 891.

description must be no less certain in its terms than would be required under any other phase of the statute of frauds, or to meet the essentials in an action for specific performance.

2. Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described.

3. C. S., sec. 7979, declaring invalid unless in writing an agreement employing a broker to sell real estate on commission, one merely describing the property to be sold as "My 160 acre farm east of Caldwell, which is owned by me" is too indefinite to describe anything by itself, and so is insufficient.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover commission for the sale of real estate. Judgment for defendant. *Affirmed.*

Stone & Jackson, for Appellant.

It is not essential that the description should be given with such particularity as to make a resort to extrinsic evidence unnecessary. If the designation is so definite that the purchaser knows exactly what he is buying, and the seller knows what he is selling, and the land is so described that the court can, with the aid of external evidence, apply the description to the exact property intended to be sold, it is enough. (*Hollis v. Burgess,* 37 Kan. 487, 15 Pac. 536; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563.)

Great liberality is allowed in the matter of descriptions. In description that is certain which can be made certain. (2 Devlin on Real Estate, p. 1907, sec. 1010.)

Cleve Groome, for Respondents.

The contract in question is one that is required to be in writing and must specify the description of the property to

be sold. Parol evidence cannot be introduced in order to find the description of the property. (*Kurdy v. Rogers,* 10 Ida. 416, 79 Pac. 195; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563; 9 C. J. 560; *Cushing v. Monarch Timber Co.,* 75 Wash. 676, Ann. Cas. 1914C, 1239, 135 Pac. 660; *Thompson v. English,* 76 Wash. 23, 135 Pac. 664; *Gilman v. Brunton,* 94 Wash. 1, 161 Pac. 835; *Rogers v. Lippy,* 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C, 583; *Nance v. Valentine,* 99 Wash. 323, 169 Pac. 862; *Craig v. Zelian,* 137 Cal. 105, 69 Pac. 853.)

BUDGE, J.—This is an action by appellant against respondent S. J. Livesay and Alice B. Livesay, intervenor, to recover $525 as commission for the sale of real estate.

Appellant and respondent entered into a written agreement, the material portion of which is as follows:

Contract No. ——.

"Farm Property Contract.

"I, S. J. Livesay of Caldwell, P. O., County of Canyon, State of Idaho, for and in consideration of the sum of One Dollar ($1.00) in hand paid, the receipt whereof is hereby acknowledged, have this day and by these presents given A. L. Murphy the sole and exclusive sale, agency and exchange of my property described as follows, to wit: My 160 acre farm east of Caldwell, of Section ——, Township ——, Range ——, County of ——, State of ——, which is now owned by me."

The sole question involved upon this appeal is whether the description of the property listed with appellant for sale is sufficiently definite to meet the requirements of C. S., sec. 7979, which provides that: "No contract for the payment of any sum of money or other thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser for real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and duly qualified representative."

As will be observed the only attempt to describe the lands listed is: "My 160 acre farm east of Caldwell, which is now owned by me."

It must be conceded that in order to comply with the requirements of the statute the contract must state the essential terms thereof, one of which is the description of the property involved, and this description must be no less certain in its terms than would be required under any other phase of the statute of frauds, or a description that would meet the essentials in an action for specific performance. It must be a description complete within itself.

"Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described." (*Cushing v. Monarch Timber Co.*, 75 Wash. 678, Ann Cas. 1914C, 1239, 135 Pac. 660; *Gilman v. Brunton*, 94 Wash. 1, 161 Pac. 835; *Rogers v. Lippy*, 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C, 583; *Kurdy v. Rogers*, 10 Ida. 416, 79 Pac. 195; *Allen v. Kitchen*, 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563.)

The question of the sufficiency of descriptions of real property in contracts between the owner and real estate broker has been before the courts for determination upon many occasions. To harmonize these decisions would be an impossibility. The point involved here is close. This contract fails to locate the land either in the state of Idaho or county of Canyon, and does not tie it to any permanent monument or definite point of location, which in some cases has been held sufficient.

From a careful consideration of the authorities, we have reached the conclusion that the description in the contract involved is too indefinite to describe anything in itself, and

that parol evidence was not admissible to identify the property.

The court did not err in entering judgment for respondents. The judgment is affirmed. Costs are awarded to respondents.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.