(May 29, 1925.)

LAKER LAND & LOANS, a Corporation, Appellant, v. N. O. NYE, Respondent.

[237 Pac. 630.]

BROKERS—AUTHORITY IN WRITING—DESCRIPTION OF LAND—SUFFICIENCY —STATUTE OF FRAUDS—SUFFICIENCY OF COMPLAINT.

1. To comply with the requirements of C. S., sec. 7979, providing that no contract for the payment of a commission for procuring a purchaser for real estate shall be valid unless in writing, such contract must contain a description of the property involved no less certain than is required under any other phase of the statute of frauds, or to meet the essentials in an action for specific performance.

2. Under C. S., sec. 7979, declaring invalid unless in writing an agreement employing broker to sell real estate on commission, such an agreement merely describing the property to be sold as "200 acres of Butler Island Farm" is too indefinite to describe anything by itself, and so is insufficient.

3. Oral and extrinsic evidence is admissible for the purpose of identifying lands described in a commission agreement, and applying the description therein contained, but not to supply a description, or add to a description insufficient and void on its face.

4. A demurrer is well taken against a complaint seeking to recover a commission for procuring a purchaser for real estate,

Publisher's Note.

1. Validity of statute requiring written contract for commission for sale of realty, see note in Ann. Cas. 1913C, 727.

when the written agreement which is set out in the complaint fails to describe, by itself, with the required certainty, any definite tract of land, though allegations in complaint of matters extrinsic to agreement supply definite land description and show that owner sold such real estate to a buyer procured by the broker.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. Geo. W. Edgington, Judge.

Action by assignee of real estate broker for commission. Appeal from order dismissing action. *Affirmed.*

A. H. Wilkie, for Appellant.

Parol testimony is permissible to identify premises described by name or to apply the description to the land. Much greater latitude is allowed in construing and curing defects of description in brokers' contracts than in a deed of grant of land, for, as far as the statute of frauds is concerned, the terms of employment are the essential part, and such contracts will not be declared void merely because of a defect, uncertainty or ambiguity in the description of the property to be sold or exchanged, when such defects, uncertainty or ambiguity can be cured by allegation and proof of extrinsic facts or circumstances. (*Macknight v. Davitt,* 37 Cal. App. 720, 174 Pac. 77; *Cowling v. Wofford,* 45 Cal. App. Dec. 111, 229 Pac. 883; *Maze v. Gorden,* 96 Cal. 61, 30 Pac. 962; *Radich v. Cernokus,* 65 Cal. App. 452, 224 Pac. 124; *Hill v. McCoy,* 1 Cal. App. 159, 81 Pac. 1015; *Preble v. Abrahams,* 88 Cal. 245, 22 Am. St. 301, 26 Pac. 99; *Anderson v. Wilstrup,* 34 Cal. App. 771, 168 Pac. 1150; *Henderson v. Lemke,* 60 Or. 363, 119 Pac. 482; *Hollis v. Burges,* 37 Kan. 487, 15 Pac. 536.)

Parol evidence is admissible to cure defects in descriptions, in deeds, etc. (*Guyer v. Warren,* 175 Ill. 328, 51 N. E. 580; *Murray v. Mayo,* 157 Mass. 250, 31 N. E. 1063; *Baker v. Hall,* 158 Mass. 361, 33 N. E. 612; *Ryder v. Loomis,* 161 Mass. 161, 36 N. E. 836; *Gould v. Lee,* 55 Pa. 99.)

C. A. Bandel, for Respondent.

Description of real property in real estate broker's contract must be as good and sufficient as in case of a contract upon which an action for specific performance is based in order to be good as against a general demurrer. (*Cushing v. Monarch Timber Co.*, 75 Wash. 678, Ann. Cas. 1914C, 1239, 135 Pac. 660; *Thompson v. English*, 76 Wash. 23, 135 Pac. 664; *Murphy v. Livesay*, 34 Ida. 793, 197 Pac. 536.)

Descriptions held insufficient in specific performance cases: *Kurdy v. Rogers*, 10 Ida. 416, 79 Pac. 195; *Allen v. Kitchen*, 16 Ida. 133, 100 Pac. 1052.

Descriptions held insufficient in real estate brokerage cases: *Cushing v. Monarch Timber Co., supra; Thompson v. English, supra; Rogers v. Lippy*, 99 Wash. 312, 169 Pac. 858, L. R. A. 1918C, 583; *Murphy v. Livesay, supra.*

BUDGE, J.—This is an action by appellant as assignee to recover from the respondent $1,400 balance of a real estate broker's commission for procuring a buyer for the real estate of the respondent.

Respondent's demurrer to appellant's third amended complaint was sustained by the district court, and upon appellant's failure to further plead within the time allowed, the cause was dismissed. The appeal is from the order of dismissal.

The complaint alleges that Butler Island consists of 4,000 acres of land situate on the South Fork of the Snake River; that the respondent was the owner of a farm of 200 acres thereon, in Jefferson county, Idaho, the detailed description of which farm is set out by legal subdivisions according to government survey; that this farm was long prior to May 7, 1919, commonly and generally known as the "Nye Butler Island Farm" and was the only real estate owned by respondent on Butler Island; that respondent authorized one A. Laker Cook of Idaho Falls, Idaho, appellant's assignor, to sell said premises by a written instrument, signed by respondent, of which instrument the material part is as follows:

## "CONTRACT.

"May 7, 1917.

"To A. Laker Cook.

"For and in consideration of One Dollar ($1.00) the receipt of which is acknowledged, I hereby appoint you as agent to make sale of the real property herein described as 200 acres of Butler Island Farm, for the price of $6,500.00 upon the following terms: . . . . "

It does not directly appear from the complaint where this agreement was executed, but it may fairly be inferred that it was made at the address of said A. Laker Cook, in Bonneville county. The complaint goes on to allege that said A. Laker Cook procured a buyer for the property, took a deposit on the purchase price, retained part and paid the balance over to respondent; that the respondent completed the sale personally, and that $1,400 commission is still due.

The sole question presented by appellant's brief is whether the allegations of the complaint may be considered in aid of the description of the real estate contained in the agreement so that the complaint will state a cause of action under C. S., sec. 7979, which provides that:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and qualified representative."

Under the rule stated in *Murphy v. Livesay,* 34 Ida. 793, 197 Pac. 536, to comply with the requirements of this statute, the commission contract must give a description of the real estate involved no less certain in its terms than would be required under any other phase of the statute of frauds, or to meet the essentials in an action for specific performance.

In actions for specific performance, oral and extrinsic evidence is admitted for the purpose of identifying the land described in the writing, and applying the description therein contained, but not for the purpose of supplying a

description, or adding necessary matters to a description insufficient and void on its face. (*Allen v. Kitchen,* 16 Ida. 133, 100 Pac. 1052.) In the case at bar the allegations of the complaint extrinsic to the written agreement supply state, county, detailed legal subdivisions according to the government survey, and the ownership, to the description contained in the contract. We think that this is the supplying of a description, and not the identification of a description already given.

The fact that appellant's assignor may have completed his undertaking by the finding of a purchaser for the real estate, and that the owner sold to the buyer thus procured, would not give him any right to recover compensation for his services unless he has such a written agreement with the owner for the payment of a commission as will comply with the requirements of C. S., sec. 7979. (*Weatherhead v. Cooney,* 32 Ida. 127, 180 Pac. 760.)

A demurrer may properly be interposed to a complaint which seeks recovery of commission for procuring a purchaser for real estate when the commission contract set out in the complaint fails to describe by itself, with the required certainty, any definite tract of land. (*Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660.) As the complaint in the instant case shows that the description of the real estate contained in the written commission agreement is insufficient, and extrinsic evidence being inadmissible to remedy that defect, and as performance alone does not give the broker a right of action, we think respondent's demurrer is well taken.

The order of the district court dismissing the cause is accordingly affirmed, and the costs are awarded to respondent.

William A. Lee, C. J., Wm. E. Lee, Givens and Taylor, JJ., concur.