404 P.2d 877

**Floyd ROBISON, doing business as Robison Realty, Plaintiff-Appellant,**

**v.**

**John FRASIER, Defendant-Respondent.**

**No. 9537.**

Supreme Court of Idaho.

July 30, 1965.

Rehearing Denied Sept. 9, 1965.

Donart & Weston, Weiser, for respondent.

Ryan & Speropulos, Weiser, for appellant.

**McFADDEN, Justice.**

Plaintiff Floyd Robison, a licensed real estate broker, instituted this action to recover a sum claimed due as a real estate broker's commission. The cause came on for trial before a jury, and plaintiff was called as a witness. A listing agreement signed by defendant Frasier was offered in evidence, to which offer defendant objected on the ground it was incompetent and therefore immaterial by reason of it not being sufficient under the provisions of I.C. § 9–508. The trial court sustained the objection. Plaintiff then made an offer of proof as to certain exhibits and testimony, objection to which was sustained. The plaintiff rested, and defendant moved for an involuntary dismissal, which motion was granted, and the judgment of dismissal entered. From this judgment, the plaintiff has appealed.

The sole assignment of error is directed to the trial court's refusal to admit into evidence plaintiff's exhibits and the offers of proof submitted. This assignment of error raises the question determinative of this appeal, as to whether plaintiff's exhibit 1, was a sufficient written contract within the contemplation of I.C. § 9–508, which section provides:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and duly qualified representative."

Exhibit 1, the listing agreement in question, was on a printed form of the Robison

Realty, Dated April 2, 1962, and signed by defendant Frasier as owner, and accepted by the plaintiff. This agreement was in two parts; the upper portion contained the agreement between the owner and the realty company, with the parties signatures, following which the second portion contained a number of blanks to be filled in, the pertinent portions of which are set out below.[1] By this agreement, Robison Realty was employed to procure a purchaser.

The respondent asserts that the trial court was correct in rejecting the plaintiff's offer of this exhibit, and the other exhibits that were offered for the purpose of providing the full legal description of the property involved, citing the cases of Murphy v. Livesay, 34 Idaho 793, 197 P. 536, and Laker Land & Loans v. Nye, 40 Idaho 793, 237 P. 630.

Plaintiff, however, contends that these last two cited cases should be overruled, or if not overruled, that the evidence submitted by the other exhibits should have been admitted to apply the description that was given, particularly in view of the provision in the listing agreement to the effect that the owner authorized insertion of the legal description after he had signed the listing agreement. Plaintiff relies on the proposition that as regards the statute of frauds real estate broker's contract need not describe lands specifically if terms of employment can otherwise be made definite. In substance plaintiff asserts that a real estate broker's contract is not one for the conveyance of land, but is an employment contract, and that parole evidence should be admitted to furnish the deficiencies in a land description contained therein. In support of this contention he cites the following authorities. Needham v. Abbott Kinney Co. (1932) 217 Cal. 72, 17 P.2d 109; Woodbridge Realty v. Plymouth Development Corp. (1955) 130 Cal.App.2d 270, 278 P.2d 713; Pray v. Anthony (1929)

---

[1].
"I/We Authorize THE ROBISON REALTY COMPANY OF NAMPA, KUNA and MERIDIAN, to sell my/our Real Property situate at 1½ up Cotton Wood Creek South Council

Legal Description: (I agree to allow legal description to be inserted after signing.) 2000 acres more or less in Adams County, Idaho, located in Twp. 16 North, Range 1 West B.M. 85 Wild Meadow Dryland

Approximately 2000 acres deeded Pasture 90 Alfalfa _____ Plowland.
\* \* \*

Renewal date _____ to _____ "

_____
Signature

(Note: Underlined portion of foregoing were blanks with information filled in by longhand. No signature appeared in blank provided for signature.)

96 Cal.App. 772, 274 P. 1024; Johnson v. Allen (1945) 108 Utah 148, 158 P.2d 134.

The controlling issue before this court is whether parole evidence can be employed to amplify the description of the real property involved in the listing agreement. In the case of Murphy v. Livesay, 34 Idaho 793, 197 P. 536, this court had before it the question of whether a written agreement which granted to the plaintiff the exclusive sale of "my property described as follows, to-wit: My 160 Acre farm east of Caldwell, of Section _____, Township _____, Range _____, County of _____, State of _____, which is now owned by me," sufficiently complied with the statute of frauds (I.C. § 9–508). This court in holding that the description was defective stated: 34 Idaho p. 796, 197 P. p. 536,

> "It must be conceded that in order to comply with the requirements of the statute the contract must state the essential terms thereof, one of which is the description of the property involved, and this description must be no less certain in its terms than would be required under any other phase of the statute of frauds, or a description that would meet the essentials in an action for specific performance. It must be a description complete within itself.
>
> " 'Parol evidence may be resorted to for the purpose of applying the description contained in a writing to a definite piece of property and to ascertain its location on the ground, but never for the purpose of supplying deficiencies in a description otherwise so incomplete as not to definitely describe any land. The description must be in itself capable of application to something definite before parol testimony can be admitted to identify any property as the thing described.' Cushing v. Monarch Timber Co., 75 Wash. 678, 135 Pac. 660, Ann.Cas.1914C, 1239; Gilman v. Brunton, 94 Wash. 1, 161 Pac. 835; Rogers v. Lippy, 99 Wash. 312, 169 Pac. 858, L.R.A.1918C, 583; Kurdy v. Rogers, 10 Idaho 416, 79 Pac. 195; Allen v. Kitchen, 16 Idaho 133, 100 Pac. 1052, L.R.A.1917A, 563, 18 Ann.Cas. 914.
>
> "The question of the sufficiency of descriptions of real property in contracts between the owner and real estate broker has been before the courts for determination upon many occasions. To harmonize these decisions would be an impossibility. The point involved here is close. This contract fails to locate the land either in the state of Idaho or county of Canyon, and does not tie it to any permanent monument or definite point of location, which in some cases has been held sufficient.

"From a careful consideration of the authorities, we have reached the conclusion that the description in the contract involved is too indefinite to describe anything in itself, and that parol evidence was not admissible to identify the property."

In the case of Laker Land & Loans v. Nye, 40 Idaho 793, 237 P. 630, the question before the court raised by a demurrer to the complaint, was the sufficiency of the following description; "200 acres of Butler Island Farm," contained in a commission agreement. This court, relying on Murphy v. Livesay, held that it did not meet the requirements of the statute of frauds. Therein it was stated:

"Under the rule stated in Murphy v. Livesay, 34 Idaho 793, 197 P. 536, to comply with the requirements of this statute, the commission contract must give a description of the real estate involved no less certain in its terms than would be required under any other phase of the statute of frauds, or to meet the essentials in an action for specific performance.

"In actions for specific performance, oral and extrinsic evidence is admitted for the purpose of identifying the land described in the writing, and applying the description therein contained, but not for the purpose of supplying a description, or adding necessary matters to a description insufficient and void on its face. Allen v. Kitchen, 16 Idaho, 133, 100 P. 1052, L.R.A.1917A, 563, 18 Ann.Cas. 914. In the case at bar the allegations of the complaint extrinsic to the written agreement supply state, county, detailed legal subdivisions according to the government survey, and the ownership to the description contained in the contract. We think that this is supplying of a description, and not the identification of a description already given." 40 Idaho at 796, 237 P. at 631.

The case of Allen v. Kitchen, 16 Idaho 133, 100 P. 1052, was cited in Murphy v. Livesay, and in Laker Land & Loans v. Nye, supra. That case involved an action for specific performance of an executory contract for sale of real property, which described the property to be conveyed as "Lots 11, 12 and 13 in Block 13, Lemp's Addition", without designation as to the state, county, civil or political district in which the land was situated. This court held in that case the description was insufficient and affirmed the trial court in sustaining a demurrer to the complaint and entering judgment of dismissal. In the opinion of Allen v. Kitchen, it is stated: (16 Idaho at p. 143, 100 P. at p. 1055)

"In the case at bar, there is no reference to any record or external or ex-

trinsic description from which a complete description could be had, and no natural object or permanent monument is referred to in the writing, nor is any well and generally known point, place, or locality described or used as a tie. The evidence to be introduced would not be that of identification of a description, good on its face; but it would be for the purpose of supplying, completing, and perfecting a description on its face insufficient and incapable of application. The name of the city, town, or village, and also the county and state, must be supplied by extrinsic evidence. If the writing contained anything from which the name of the civil or political subdivision or municipality to which these tracts are additions could be ascertained, then oral evidence would be admissible to apply the description contained in the writing to the lands as marked and bounded either by recognized legal subdivisions or by meets and bounds. We are in full accord with the views expressed in Sponberg v. First National Bank, supra, [15 Idaho 671, 99 P. 712] in that respect. The distinction, however, should always be clearly drawn between the admission of oral and extrinsic evidence for the purpose of identifying the land described and applying the description to the property and that of supplying and adding to a

description insufficient and void on its face."

As to other cases involving the sufficiency of descriptions contained in broker's agreements to comply with the statute of frauds, see: Annot: 80 A.L.R. 1456, at 1466. The author of that annotation states:

"There is a great difference of opinion among the courts as to the sufficiency of the description of property in contracts employing or authorizing a real estate broker to purchase or sell real property. Some courts, taking the liberal view, have held that since such contracts are not for the sale of property, but for commissions, the writing need not describe the property with the same precision and completeness as would be required in actions for specific performance under contracts for the sale of the property, and that a description sufficient to identify the property, although in itself defective, can be supplemented by parol evidence, and is in compliance with the requirements of the statute—in some cases these courts going even to the extent of holding a mere reference to the property in general terms a sufficient description to satisfy the requirements of the statute."

This court, however, has rejected the more liberal rule as described in the foregoing statement, and as mentioned in cases

cited by plaintiff, supra, but instead employs the same test as in cases for specific performance. See Murphy v. Livesay, supra.

The test as to the sufficiency of a description for the purpose of maintaining an action for specific performance of a real estate contract, is one that is most difficult to apply. In Allen v. Kitchen, supra, this court determined that parole or extrinsic evidence is admissible for the purpose of *applying* the description contained in the writing to show there are lands of the name and description contained in the writing, but held that such evidence is not admissible for the purpose of *supplying* or *adding* to the description.

 In the instant case, by his offer of proof, plaintiff sought to have admitted into evidence a contract wherein defendant was the purchaser, and which fully described the property. He also sought by his offer of proof to submit testimony that the property so described therein was the property for which appellant was to find a purchaser. He also sought to have admitted into evidence certain tax notices with the description, and also tax receipts. Did this evidence so offered by appellant merely apply the description to the lands, or did this evidence supply or add the description? Again referring to the agreement, Exhibit 1, it described the property as "situated at 1½ [miles] up Cotton Wood Creek, South, Council, * * * 2000 acres more or less, in Adams County, Idaho, located in Twp. 16 North, Range 1 West B. M." This description goes far beyond that mentioned in the case of Allen v. Kitchen, wherein it was pointed out that the description therein involved did not set out any state, county, civil or political district. Here, the amount of land is set forth, the location is set forth, not only by the reference to its relationship to a creek, but also as to the county, state, township and range. The evidence offered is competent to apply the description in the agreement, to the land in question.

In reaching the foregoing conclusion, is it not necessary to overrule the cases of Murphy v. Livesay and Laker Land & Loans for they are clearly distinguishable from the facts in the instant case.

The trial court erred in refusing to admit into evidence as incompetent Exhibit 1, and also in rejecting the offers of proof by appellant on the ground they are incompetent because of I.C. § 9–508. The question of materiality of the various exhibits, and the respective offers of proof is not before this court at this time, and no opinion is expressed thereto.

The judgment of dismissal is reversed and the cause remanded for further pro-

ceedings in accordance with the views ex-pressed herein.

Costs to appellant.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.