428 P.2d 524

H. A. DAY, d/b/a H. A. Day Construction Co., Plaintiff-Appellant,

v.

MORTGAGE INSURANCE CORPORATION, a corporation, and Parke E. Josephson, Defendants-Respondents.

No. 9963.

Supreme Court of Idaho.

May 31, 1967.

A. A. Merrill, Idaho Falls, for appellant.

Sharp, Anderson & Bush, Idaho Falls, for respondent, Mortgage Insurance Corporation.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondent, Parke E. Josephson.

SMITH, Justice.

Appellant, hereinafter sometimes referred to as Day, appeals from a summary judgment dismissing his action ex contractu directed against respondents,. assigning error committed by the trial court in doing so.

Day, in his complaint, alleged generally that respondents were indebted to him, Day, in the sum of $1,439.15. After filing its answer, respondent Mortgage Insurance Corporation, hereinafter sometimes referred to as the Corporation, obtained Day's answers to written interrogatories and submitted those answers and its affidavits to the trial court on its motion for summary judgment. Day filed his affidavit in opposition to the motion.

The matter submitted on the motion, viewed in a light most favorable to appellant Day, shows that respondent Josephson in early May 1964, requested Day to construct a dwelling house for Josephson in Shelley, Idaho. Day discerned that Josephson lacked sufficient funds to meet Day's estimates, and the two parties, on May 4th, went to the office of the Corporation to inquire concerning Josephson's financing. Day then informed Josephson and the Corporation's officer and agent, Robert E. Watson, Jr., that unless there was a clear understanding as to the cost of construction, Josephson's

financing, and for payment of all moneys direct to Day, Day would not agree to construct the house. The record shows that at this meeting with Watson, Day and Josephson executed an agreement of sale and purchase, under which Day contracted to build Josephson's house and Josephson in turn agreed to pay $22,000.00 for the realty.

Day's affidavit and answers to the Corporation's written interrogatories assert that the Corporation, at the May 4th meeting between the parties, agreed to perform specific duties, viz.: to loan Josephson $19,500.00; to pay this sum direct to Day, less $1,418.96 for the costs of interim financing, marketing discount, title insurance and loan costs, which Day agreed to absorb; to prepare all papers and contracts, and to "protect" all parties. Day's affidavit further stated that the Corporation's agreement extended to Day as promisee, although Day's allegations in his answers to interrogatories and counter-affidavit imply a secondary claim as third party beneficiary under the Corporation's loan agreement with Josephson.

The Corporation agreed to loan Josephson the $19,500.00. Day constructed the house in and upon Josephson's land, in all respects complying with Josephson's specifications. The Corporation's mortgage encumbered Josephson's real property as security for its loan; the security included the house which the Corporation was advised would not be constructed unless it promised to make the payments direct to Day. The Corporation disbursed four payments totaling $16,641.89 direct to Day. The Corporation then refused to pay over the remaining sums to Day, but instead entered into a closing agreement with Josephson, releasing the Corporation from any further obligations under the loan agreement. Day contends that the payments of $16,641.89 fall short by $1,439.15 of the Corporation's duty to pay direct to Day the $19,500.00, less the costs of $1,418.96 which Day agreed to absorb.

■ A motion for summary judgment should be denied where the matters submitted in support of and in opposition to the motion show a genuine issue as to any material fact. I.R.C.P. 56(c). A liberal construction of the affidavits and answers to interrogatories must be made, giving the party opposing the motion the benefit of all favorable inferences which might reasonably be drawn. Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962).

Day's affidavit and answers expressly allege that Day informed the Corporation he would not contract with Josephson unless the Corporation promised to make payments direct to Day; that the Corporation promised to pay all moneys directly to Day, and that the Corporation later refused to pay over to Day the last remaining amount of $1,439.15. Those allegations clearly state a promise by the Corporation to Day and its subsequent breach. The sole question presented is whether the Corporation's promise was supported by consideration and therefore enforceable by Day in this action. The trial court determined that no consideration existed as a matter of law. Appellant's assignments of error raise the issue as to whether the trial court committed error in so ruling.

■ Consideration, in a narrow sense, includes action by the promisee which is bargained for and given in exchange for the promise. Restatement, Contracts, § 75 (1932); 1 Corbin, Contracts § 116 (1963 ed.). Since the Corporation did not request or bargain for Day's construction of Josephson's house, no consideration, in this limited meaning of the term, supported the Corporation's alleged promise to pay direct to Day.

■ The law also recognizes that promises may become enforceable by reason of the promisee's action in reliance, even though the promisee's action was not a negotiated response to the promise, performed as an agreed exchange with the promisor. 1A Corbin, Contracts § 194 (1963 ed.). The Restatement expresses the requirements for enforceability in these terms:

"A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or fore-

bearance is binding if injustice can be avoided only by enforcement of the promise." Restatement, Contracts § 90 (1932).

See also C. H. Leavell & Co. v. Grafe and Associates, Inc., 90 Idaho 502, 414 P.2d 873 (1966) (doctrine held not applicable) ; Mohr v. Schultz, 86 Idaho 531, 388 P.2d 1002 (1964) (promissory estoppel).

 Appellant Day has raised a genuine issue as to a material fact, so that in further proceedings the trial court must determine from the evidence: whether the Corporation promised Day to make payments direct to him and whether Day relied thereon; whether Day's subsequent acts effected a substantial change of position; whether Day's action was reasonably foreseeable by the Corporation, and whether the Corporation's alleged promise actually induced Day to contract with Josephson.

The judgment is reversed. Costs to appellant.

TAYLOR, C. J., and McQUADE, Mc-FADDEN and SPEAR, JJ., concur.