442 P.2d 442

**CENTRAL IDAHO AGENCY, INC.,**
Plaintiff-Respondent,

v.

**Clara TURNER, Defendant-Appellant.**

No. 10146.

Supreme Court of Idaho.

June 21, 1968.

**308**

Madden, Randall, Bengtson & Peterson, Lewiston, for appellant.

Blake, Givens & Feeney, Lewiston, for appellee.

TAYLOR, Justice.

January 19, 1965, plaintiff (respondent) and defendant (appellant) entered into a real estate broker's employment contract whereby plaintiff was given the exclusive authority to find a buyer for defendant's farm property during the period extending from the date of the contract to and including December 1, 1965. The contract was executed on a printed form provided by plaintiff. Blanks therein were filled in by handwriting. The material portions of the agreement are as follows: (The handwritten portions are underlined.)

"Description: App. 2120 acres, known as Clara Turner farm or ranch described as Sec 21, 27, 28, 29, 32, 33, 34 * T. 33 N/R 2 E of B M, County of Lewis, State of Idaho, for better description see owner's title deed on record, now made a part hereof. * * * Selling price, free of encumbrances: $410,000—; Terms: 100,000 down 20 yrs at 5% Int. * * *

"To: Central Idaho Agency, Inc. Cottonwood, Idaho, Jan 19, 1965

"FOR VALUE RECEIVED, you hereby are employed to sell or exchange the property described hereon at the selling price and on the terms noted. * * * In the event that you * * * shall find a buyer ready and willing to enter into a deal for said price and terms, or such other terms and price as I may accept, or that during your employment you place me in contact with a buyer to or through whom at any time within 180 days after the termination of said employment I may sell or convey said property, I hereby agree to pay you in cash for your services a commission equal in amount to 5% of said selling price. * * * taxes levied on said property for the current tax year * * * are to be prorated between the seller and buyer. * * * This agreement expires at midnight on Dec. 1, 1965, but I further allow you a reasonable time thereafter to close any deal on which earnest money is then deposited. Any sale, exchange or conveyance of the property or any part thereof by me prior to the said expiration date or through another broker or third person without your assistance shall be construed as a withdrawal of your authority to sell the above described property. In case of suit or action on this contract, I agree to pay such additional sum as the court may adjudge reasonable as plaintiff's attorneys fees. * * *

"THIS LISTING IS AN EXCLUSIVE LISTING and you hereby are granted the absolute, sole and exclusive right to sell or exchange the said described property. In the event of any sale, by me or any other person, exchange or conveyance, of said property, or any part thereof, during the term of your employment, or in case I withdraw the authority hereby given prior to said expiration date, I agree to pay you the said commission just the same as if a sale had actually been consummated by you.

"I HEREBY CERTIFY THAT I HAVE RECEIVED A CARBON COPY OF THIS CONTRACT. * * *

"Possession Imediately [sic] after Harvest. * * *"

In its search for a buyer, plaintiff eventually contacted Donald, LaVerne and John Herndon. Negotiations ensued between the plaintiff, defendant, the Herndons, and the respective attorneys for defendant and the Herndons. However, no contract of sale resulted.

Plaintiff brought this action in March, 1966, to recover the commission and attorney's fees provided for by the contract. Both parties moved for summary judgment. Upon consideration of the motions, affidavits, depositions, pleadings and attached exhibits, the court denied defendant's motion, granted plaintiff's motion and entered judgment in favor of the plaintiff and against the defendant in the sum of $23,-464.06. Defendant brought this appeal from judgment.

■ Defendant's first assignment of error is that the court erred in granting plaintiff's motion for summary judgment. In our consideration of this assignment we view the facts in the light most favorable to defendant. IRCP Rule 56(c); Southern v. Southern, Idaho, 438 P.2d 925 (1968); Day v. Mortgage Insurance Corporation, 91 Idaho 605, 428 P.2d 524 (1967); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965); Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962). The presence of unresolved material issues of fact precludes summary judgment. IRCP Rule 56(c); Southern v. Southern, supra; E. S. Harper Co. v. General Insurance Co. of America, 91 Idaho 767, 430 P.2d 658 (1967); Day v. Mortgage Insurance Corporation, supra; Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

■ The record shows without contradiction that (a) no contract for the sale of the property was consummated within the terms of the broker's agreement; and (b) the plaintiff spent considerable time, money and effort to procure a buyer. Therefore, pursuant to the terms of the contract, plaintiff would be entitled to summary judgment only if one of the following state of facts was conclusively established by the record;

first, that plaintiff produced a buyer ready, willing and able to purchase the property under the terms authorized by the agreement, or under other terms acceptable to the defendant; Rogers v. Hendrix, 92 Idaho 141, 438 P.2d 653 (1968); Frye v. Levanger, 76 Idaho 252, 281 P.2d 134 (1955); or, second, that defendant wrongfully withdrew plaintiff's authority to sell under the exclusive listing agreement prior to its expiration date, regardless of whether a buyer, ready, willing and able to buy under the terms of the agreement, or other terms acceptable to the defendant, was procured by plaintiff. Crane v. McCormick, 92 Cal. 176, 28 P. 222 (1891); see Tetrick v. Sloan, 170 Cal.App.2d 540, 339 P.2d 613 (1959); c. f. Kimmell v. Skelly, 130 Cal. 555, 62 P. 1067 (1900).

■ Treated in the light most favorable to defendant, the record does not show that either of the foregoing propositions was conclusively established. The record tends to support the conclusion that the Herndons were willing to purchase the property under the terms of the listing agreement. However, defendant contends that some of the terms in the agreement, particularly those for time payments over a period of 20 years, and the rate of interest, were inserted in the agreement by plaintiff's agent subsequently to the signing of the agreement by defendant, in contravention of the clause in the agreement which provides:

"Also I authorize you, at any time, to fill in and complete all or any part of the 'Information Data' below, except financial details."

Defendant also contended that the added terms were contrary to her will. Terms relating to financial details both above and below defendant's signature, were handwritten and not a part of the printed form. Thus, an issue arises as to whether the terms of the brokerage contract to which Herndons agreed were the same terms that were a part of the agreement when defendant signed it.

■ The record shows that defendant's attorney and the Herndons, acting through

their attorney, had reached an agreement containing "other terms." However, the record does not show that defendant's attorney was "authorized by writing" to act as defendant's agent in making an agreement for the sale of the property, as required by the statute of frauds (I.C. § 9–503) and the record is conclusive that defendant never reached an agreement with the Herndons. Thus, it cannot be said that defendant agreed to "other terms."

■ Concerning withdrawal of plaintiff's authority, defendant by her own admission had decided, prior to the expiration of the brokerage agreement, that she did not wish to sell the farm. However, it does not conclusively appear that defendant communicated any withdrawal of authority to the plaintiff. It, therefore, remains with the trier of facts to determine, upon evidence, whether defendant by words or conduct effectively withdrew plaintiff's authority prior to the expiration of the agreement. Furthermore, if it be found that defendant did thus withdraw plaintiff's authority, the issue as to whether such withdrawal was wrongful must also be determined in view of defendant's claim that the plaintiff wrongfully added terms to the agreement.

In support of the summary judgment, plaintiff urges that defendant failed to answer its motion for summary judgment "in detail as specific as that of the moving papers," IRCP Rule 56(e). The federal Advisory Committee on Rules in discussing the like federal rule, and particularly referring to the last two sentences added by way of amendment, said:

"Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example: Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary

judgment must be denied even if no opposing evidentiary matter is presented."

The totality of the motions, affidavits, depositions, pleadings and attached exhibits indicate that genuine material issues of fact appear from the record in this case. Reading IRCP Rules 56(c) and 56(e) together and construing them liberally in compliance with IRCP Rule 1, we conclude that the court erred in granting plaintiff's motion for summary judgment.

By her second assignment of error, defendant contends the court erred in refusing to grant her motion for summary judgment. In support of this assignment defendant urges that the brokerage agreement failed to satisfy the applicable statute of frauds. I.C. § 9–508:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and duly qualified representative."

In Murphy v. Livesay, 34 Idaho 793, 197 P. 536 (1921) this court said:

" * * * in order to comply with the requirements of the statute the contract must state the essential terms thereof, one of which is the description of the property involved, and this description must be no less certain in its terms than would be required under any other phase of the statute of frauds, or a description that would meet the essentials in an action for specific performance. It must be a description complete within itself."

Accord: Laker Lands & Loans v. Nye, 40 Idaho 793, 237 P. 630 (1925).

It is not disputed that the description contained in the agreement is erroneous. It included sections in which defendant owned no property; failed to mention that a small part of the property was located in Idaho County; failed to mention certain sections in which part of the property was

located; and was imprecise as to acreage. Application of the rule stated in Murphy v. Livesay, supra, requires a determination of what parol or extrinsic evidence is admissable in applying a real property description in an action for specific performance or a real estate contract. That rule is:

> "* * * parole or extrinsic evidence is admissable for the purpose of *applying* the description contained in the writing to show there are lands of the name and description contained in the writing, but * * * such evidence is not admissable for the purpose of *supplying* or *adding* to the description." Robison v. Frasier, 89 Idaho 326, 333, 404 P.2d 877, 881 (1965).

Allen v. Kitchen, 16 Idaho 133, 100 P. 1052 (1909).

By a strained construction of the decision in Allen v. Kitchen, it would be possible to hold that the description involved in this case could be corrected by parol or extrinsic evidence so as to "apply" it to the property to be sold. However, we think it illogical to apply the rule of the Allen case—in which the plaintiff sought specific performance of a contract for the sale of real estate—to an action upon a brokerage contract as was done in Murphy v. Livesay. A contract employing a broker to find a purchaser of real property, is not a contract to sell, convey, or encumber real property or any interest therein. It is purely a contract of employment for services to be performed by the broker for a commission to be paid upon the occurrence of certain specified events. Ordinarily such a contract would not support an action to compel conveyance of the property involved. The present action does not seek any such relief. It was brought solely for the recovery of the commission provided for in the agreement. In such a case the description in the agreement is sufficient where it is shown that there is no misunderstanding between the property owner and the broker as to the property to be offered for sale, and where it is sufficient to enable the broker to locate the property, show it, and point out its boundaries to the prospective purchaser. In this case both plaintiff and defendant knew from the description contained in the agreement that the property to be sold was the entire "Clara Turner farm." The farm was well known in the neighborhood. Its exact acreage and location as to county and section numbers was readily available and could be established by parol or other extrinsic evidence without varying, adding to, or subtracting from the agreement which the parties intended to make. Such evidence would apply the description to the land in harmony with the manifest intention of the parties.

We conclude that the description in the brokerage agreement involved herein was sufficient for the purposes of this action. The decisions in Murphy v. Livesay, supra, and Laker Land & Loans v. Nye, supra—in some respects distinguishable from the case at bar—to the extent that they are in conflict herewith, are overruled.

The applicable rule as variously stated by the following authorities is that the listing agreement must, inter alia, identify the real property adequately as between the broker and the vendor. If it is thus sufficient to identify the property, although defective, ambiguous, or uncertain, it may be supplemented by parol or extrinsic evidence. Such evidence may be presented, not to create a description, but to cure a defective one otherwise sufficient. When that is done it will be held in compliance with the statute, I.C. § 9–508. See Sherwood v. Gerking, 209 Or. 493, 306 P.2d 386 (1957) and cases cited therein; Johnson v. Allen, 108 Utah 148, 158 P.2d 134, 159 A.L.R. 256 (1945) and cases cited therein; See generally, Anno. 38 A.L.R.2d 542, at 557, § 6; Anno. 80 A.L.R. 1456, at 1466; 12 Am.Jur.2d, Brokers, §§ 46, 252; 12 C.J.S. Brokers, § 62; contra, see Heim v. Faulstich, Wash., 424 P.2d 1012 (1967).

The trial court did not err in denying defendant's motion for summary judgment.

The judgment is reversed and the cause is remanded to the district court for further proceedings in conformity with this opinion.

Costs and attorneys fees in the district court to abide the issue.

Costs on appeal to appellant.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.