[Civ. No. 8268. Third Dist. June 3, 1953.]

HARRY AUSLEN, Appellant, v. ELWOOD CHRIS JOHN-
SON et al., Respondents.

320

Milham & Baer and Russell F. Milham for Appellant.

Lewis & Lewis and Clifford R. Lewis for Respondents.

VAN DYKE, P. J.—This is an action for specific performance of an alleged contract to convey real property. One Armstrong, the assignor of appellant Auslen, had for several years been engaged in business with Elwood Chris Johnson, hereinafter called respondent, in the subdivision and sale of real property near Lake Tahoe. On October 1, 1949, their association was terminated and respondent agreed with Armstrong that with regard to certain real property which respondent still owned he would give to Armstrong what was called "a right of first refusal." On August 1, 1950, respondent wrote Armstrong, saying he had received an offer for some of the real property involved in his agreement with Armstrong and as a result of a discussion which thereafter occurred respondent gave to Armstrong a written option for 30 days to purchase certain described property. He received $250 in consideration of this option. The 30 days elapsed and on December 14, 1950, Armstrong paid Johnson an additional sum of $300 and obtained a written "extension" of the original option agreement for a period stated as lasting until a preliminary title report which Armstrong had already ordered should be completed by a title company. On December 19th a third sum of $200 was given to Johnson by Armstrong. The preliminary title report was received by Armstrong December 22, 1950, but he did not then exercise his option. However, on December 30th Armstrong paid a further sum of $200 to respondent who then orally agreed with Armstrong to "extend" the option to February 1, 1951. On January 26th Armstrong paid respondent a further sum of $100. Concerning this last sum respondent testified that he gave no extension on the option beyond the date of February 1st and

Armstrong testified that the option was for that consideration extended for a reasonable period of time. On March 15th following Armstrong advised respondent he would be unable to exercise the option and offered to release respondent from the agreement giving him a "right of first refusal" for the sum of $10,000. On April 2, 1951, Armstrong assigned his rights under the option agreement to appellant and appellant deposited with the title company who had made the preliminary report a sum more than sufficient to meet the purchase price named in the option agreement. Appellant demanded conveyance and upon its being refused brought this action. There is conflict in the testimony concerning the foregoing, but under the settled rule we must disregard it.

The trial court found that the option had been extended to February 1st, as above recited, and that during that period and on January 26th for the sum of $100 the time was further extended for a period of 30 days; that it expired on February 26th, prior to the date of the assignment from Armstrong to appellant and that the option had not been exercised during its life. While the complaint did not contain an allegation that the consideration was adequate, fair and reasonable, leave was given appellant during the trial to amend his complaint in that regard and testimony was received upon the issue. The amendment was not filed, but in that connection the court found that the consideration was neither fair, reasonable nor adequate. The court concluded from all the findings that appellant should take nothing and, accordingly, gave judgment in favor of respondent, from which judgment appellant appeals.

Although appellant has made a number of specific contentions in his briefs they really add up to a contention that the evidence is insufficient to support the trial court's findings. Additionally, appellant claims that there were errors committed in the rulings upon testimony, which errors were prejudicial to him.

The contention that the evidence is insufficient cannot be sustained. It is undisputed that the original written document executed between Armstrong and respondent was nothing more than an option to purchase the subject property at a specified price and within a specified time. The nature of such an option is too well settled to require much discussion. It is a unilateral agreement. The optionor offers to sell the subject property at a specified price or upon specified

terms and agrees, in view of the payment received, that he will hold the offer open for the fixed time. Upon the lapse of that time the matter is completely ended and the offer is withdrawn. If the offer be accepted upon the terms and in the time specified, then a bilateral contract arises which may become the subject of a suit to compel specific performance, if performance by either party thereafter be refused. It is futile to discuss, as appellant does discuss, the question as to whether or not the written option contained anything indicating that time was of the essence thereof. Such considerations have nothing to do with options. Concerning the option given Armstrong by respondent it is not contended other than that the first attempted acceptance occurred not earlier than April 4, 1951. It was incumbent upon appellant to prove that the option under which he claims was alive at the time of his attempt to exercise it. There was ample evidence, which has been hereinbefore stated, from which the court could conclude that the option had been extended from time to time up to February 1st, and that on January 26th, for a consideration received, it was further extended for a reasonable time. The court found this reasonable time to be 30 days. This finding is supported by the history of the transactions concerning time and the extensions thereof that preceded the extension of January 26th. The first period of time was fixed at 30 days for a consideration of $250. The sums thereafter paid were comparable. No extension thereafter exceeded 30 days, although the one which depended upon the furnishing of a title report might have. In fact, however, it did not. The definite extension thereafter was within that time and hence the court, from the way in which the parties had dealt with the matter, was justified in finding that the last extension, for a reasonable time, did not exceed 30 days. The finding made by the court was not expressed in terms of reasonable time, but it is apparent from the record that such was the meaning of the finding, and the finding will, of course, be construed in support of the judgment if that may reasonably be done. (*City of Napa* v. *Navoni*, 56 Cal.App.2d 289 [132 P.2d 566].) No attempt to accept was made until more than 30 days after the expiration of the last extension as determined by the trial court's findings. The ultimate finding of the trial court that the option expired before acceptance is well supported.

Appellant says that since the last extension was for a reasonable time it was incumbent upon the optionor to notify

the optionee of the expiration of that time. The contention is unsound for "A proposal is revoked: . . . 2. By the lapse of the time prescribed in such proposal for its acceptance, or if no time is so prescribed, the lapse of a reasonable time without communication of the acceptance; . . . ." (Civ. Code, § 1587.)

Since the foregoing disposes of the appeal it is unnecessary to discuss at any length the finding of the court that the price was inadequate since this issue does not properly arise until and unless the unilateral option contract ripens through acceptance into a bilateral contract of purchase and sale. ▮ It may be said, however, that there was testimony that the option price was less than half the value of the land. Such evidence would sustain the conclusion that the price was not adequate, fair or reasonable.

▮ A good deal is said in appellant's brief, based upon a claim that the option placed upon respondent the duty of furnishing a good title and other obligations which he had never been in a position to perform. However, these obligations would not become due for performance until and unless the offer was accepted. The parties clearly must have realized this. Notwithstanding there was something said in the option concerning such matters, yet the parties dealt in terms of definite limits of time for acceptance of the proposal of respondent to sell. We find nothing further in the briefs that requires extended discussion.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.