[Civ. No. 5138.   Fourth Dist.   June 15, 1956.]

JAMES G. HAGENBUCH, Appellant, v. ADOLPH W. KOSKY, Respondent.

C. Coleman Pease for Appellant.

Gray, Cary, Ames & Frye and John M. Cranston for Respondent.

MUSSELL, J.—This is an action for declaratory relief and damages. Defendant Kosky filed a cross-complaint for rent, money had and received and for an accounting and also filed a complaint for unlawful detainer. Both causes were consolidated for trial by stipulation and plaintiff appeals from the judgment in favor of defendant and cross-complainant.

On November 10, 1948, Adolph W. Kosky, as lessor, and James G. Hagenbuch and Wyatt Wood, as lessees, entered into a lease agreement which provided, in part, as follows:

"1. The lessor does hereby lease to the lessees 320 acres of land in Borrego Valley, San Diego County, California, owned by the lessor, for a period of three years from the date hereof. The lessees shall have the option to purchase all of said 320 acres or any portion thereof from the lessor at a price to be mutually agreed upon. If said price cannot be agreed upon between the lessor and the lessees, then each shall appoint an appraiser, and the two appraisers shall appoint a third appraiser, who shall determine the selling price of said property. The purchase price agreed upon shall be paid by the lessees to the lessor within 3 years from the date the agreement to purchase is entered into."

Appellant's contention is "That the agreement of option and lease was renewed another three years by virtue of oral promises made by Kosky when he made a trip for that purpose with Mrs. Hillyer, from Borrego to Kosky's home in Santa Monica and requested renewal of the contract, which promises he was led by Kosky to rely on to his great prejudice."

The trial court found, in part, that:

"2. Said agreement and all provisions thereof by its terms expired November 10, 1951, and was not renewed or extended by the parties; after November 10, 1951, Hagenbuch remained upon the premises referred to in said agreement as a tenant of Kosky from year to year;

"3. It is not true that Kosky promised Hagenbuch to extend or renew either the lease of the property herein involved, or the option to purchase said property; it is not true that Hagenbuch has expended any sums in reliance upon any promise to extend or renew said lease, or said option."

The principal question involved herein is whether the trial court's findings and judgment are supported by substantial evidence under the familiar rules announced in *Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].

There is a conflict in the testimony concerning the claimed oral promises made by Kosky to appellant Hagenbuch, who, in this connection, testified that there were only two conversations between the parties; that "The first conversation was down at the ranch and the second was at Kosky's home in Santa Monica"; that the conversation at the ranch took place in the latter part of 1950 and that his wife, Mrs. Hagenbuch, was present at the time; that "At that time I asked Dr. Kosky for a renewal of my lease, a written renewal, and he said that he was satisfied with the way things were going and we didn't need any written renewal, we would just go ahead on the old basis and that as far as he was concerned, I could stay there just as long as I wanted to." Mrs. Hagenbuch was called as a witness but did not testify as to this conversation and stated that the only statement she heard Kosky make in this connection was in 1948, when he said that if they would start producing and develop the ranch they could have it. Hagenbuch testified that at the second conversation in Santa Monica in January, 1951, Kosky made the following statement: "He said again it wasn't necessary to have a written lease, that as things stood he was satisfied with the way it was, and that we would continue on with the same old agreement, and that his word was as good as his bond, and it was

not necessary to go to the trouble to have a written one made up, and that he didn't like written leases anyway, and that he had never had one before and it wasn't necessary."

Lucy Hillyer, a real estate broker, was in the Kosky home on January 19, 1951, and testified that she did not hear the private conversation between plaintiff and defendant but that after it she asked Hagenbuch if he had obtained what he came for and he replied that it was not in writing but he was satisfied with what Kosky had said; that Kosky had then said, "Jimmie, now you are satisfied my word is as good as my bond. Lucy, you know I will stick to what I say."

Kosky's testimony as to these conversations is that at the ranch in December, 1950, the conversation with Hagenbuch was as follows: That Hagenbuch said, "You have been sick, Dolph. I would like to have a written lease to protect me in case something happens to you" and that he (Kosky) said, "No." Kosky further testified that at the Santa Monica conversation in January, 1951, Lucy Hillyer stated that Hagenbuch had done such a beautiful job on the ranch that he (Kosky) should give him part of it; that he (Kosky) did not reply to this statement and Hagenbuch then asked for a written lease on the ranch to protect him in case anything happened to Kosky; that he (Kosky) stated to Hagenbuch that he would not give him a written lease and that if he (Hagenbuch) could continue operating the ranch at a profit to himself and possibly some profit to him (Kosky), he would let him remain; that an option to purchase the property was not mentioned in the conversation at the ranch or at Santa Monica; that he did not learn that Hagenbuch claimed the right to exercise the asserted option until he was informed of that fact by Hagenbuch's counsel on December 30, 1953.

Charles L. Jones, a public accountant, testified that in December, 1951, he advised Hagenbuch that he had a conversation with Kosky and that it would be necessary, if Hagenbuch was to remain on the property, that he pay rental for its use, due to the fact that the lease had expired under which he was operating and that he and Kosky would not consider less than $5,000 for the year 1952; that an option to purchase was not mentioned in this conversation at any time. On January 9, 1952, Jones wrote to Hagenbuch, asking him when the $5,000 rent would be paid and Hagenbuch replied, on January 14, 1952, in part, as follows: "At the present time it would be impossible for me to set any definite date for payments on the

rental, as time of cutting and sales would play an important part. . . ." Jones then again wrote to Hagenbuch requesting payment of the rent and on July 1, 1952, Hagenbuch for the first time stated in a letter to Kosky that he had "never agreed, either orally or in writing, to pay rental for the ranch" and that Kosky had promised that they would continue on as in the past and let the old agreement stand "as is" for the time being, and that as a result he, Hagenbuch, had continued on with that assurance in mind. Jones replied to this letter stating that Kosky would be satisfied to let Hagenbuch remain on the ranch if he received $5,000 rental for the year 1952. In a letter dated January 5, 1953, Jones advised Hagenbuch that he make necessary plans to abandon the ranch by February 15, 1953, since Kosky did not have additional money to put into it. In December, 1953, Hagenbuch, through his counsel, wrote Kosky and his counsel purporting to exercise the option mentioned in the agreement of November 10, 1948.

It is apparent from appellant's testimony that a renewal of the option involved was not discussed in the two conversations upon which he relies. According to him, he asked twice for a written renewal of the lease and Kosky declined to give it, saying, that they would proceed "on the old basis" or would "continue on with the same old agreement." This agreement did not expire until several months later, in 1951, and Kosky stated that the old agreement would continue in force, not that it would be renewed at the expiration date or that plaintiff could exercise the option to purchase after the expiration of the written lease of November 10, 1948. Furthermore, there is nothing in the correspondence between the parties indicating that Hagenbuch claimed the right to exercise the option after the expiration of the lease until December 30, 1953, when his counsel notified Kosky that he was exercising the option.

Under the provisions of section 1945 of the Civil Code, appellant's continued possession of the premises following the expiration of the lease created a tenancy, at the most, from year to year, not for a three-year term, in the absence of an enforceable agreement to the contrary. ■ An oral agreement to renew or extend the lease or option is within the statute of frauds (Code Civ. Proc., § 1973, subd. 4; Civ. Code, § 1624, subd. 4), and invalid unless appellant can establish an estoppel under subdivision 3 of section 1962 of the Code of Civil Procedure. ■ The question of whether an

estoppel existed was one of fact for the trial court (*Cruise* v. *City & County of San Francisco*, 101 Cal.App.2d 558, 562 [225 P.2d 988]), and where, as here, the evidence is sufficient to support an inference by the trial court that no estoppel existed, its finding to that effect will not be disturbed on appeal. The finding of the trial court that the lease and option was not extended for a period of three years is supported by the record.

■ Appellant contends that the court erred in admitting evidence as to the financial ability of Hagenbuch to exercise the option. Since the court found that there was no valid agreement to renew the option, and that finding is supported by the record, the evidence as to Hagenbuch's financial ability was immaterial.

The claim of appellant that the court erred in admitting evidence of the value of the ranch is likewise without merit as the value of the ranch was not an issue in the case. ■ Appellant further argues that one of the witnesses (Lucy Hillyer) was erroneously not permitted to testify as to "what she personally knew to be the purpose of the trip" by appellant and herself to see respondent and contends that appellant's statements to Mrs. Hillyer are "part of the res gestae." Hagenbuch, himself, testified as to the conversations with Kosky and it does not appear that plaintiff was prejudiced by the ruling of the court in this connection.

Appellant further contends that the court erred in overruling his objection to the introduction of evidence as to the amount of money spent by Kosky on the ranch prior to the execution of the lease involved. It does not appear that the admission of this evidence was in any respect prejudicially erroneous. ■ Likewise, the court did not err in sustaining an objection to plaintiff's testimony relative to the net production of the ranch where plaintiff's check registers and books were introduced in evidence showing all personal moneys that he used in the development and operation of the ranch.

■ It is also claimed that the court erred in entering a judgment purporting to terminate the lease and option without making Wyatt Wood a party. Wood was not joined with plaintiff in the complaint and the record shows that while Wood was named as a defendant in the unlawful detainer action, the complaint was dismissed as to him. In any event, appellant was not injured by Kosky's failure to secure a judgment against Wood.

Finally, appellant contends that the court erred in overruling his objection to evidence of statements made to Hagenbuch by Jones because it was shown that Jones was only an accountant for Kosky. This arguement is without merit. The record shows that Jones was acting for Kosky and Hagenbuch did not question his authority. Hagenbuch's conversations and correspondence with Jones was material to the issues involved.

Plaintiff asks in his complaint that it be decreed that plaintiff has the right to exercise the option to purchase and to complete the purchase of the land and respondent argues that aside from the question of estoppel, it appears that the provisions of the option are too indefinite to permit specific performance, citing 23 Cal.Jur. 429; *Gatley* v. *Shockley*, 215 Cal. 604, 610 [12 P.2d 436]; *Klein* v. *Markarian*, 175 Cal. 37, 40 [165 P. 3]; *Roberts* v. *Lebrain*, 113 Cal.App.2d 712, 716 [248 P.2d 810]. However, it is not necessary to here decide that question since the judgment is sufficiently supported on other grounds.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.