438 P.2d 925

Matilda SOUTHERN, Plaintiff-Respondent,

v.

James W. SOUTHERN and Ruby Southern
and Walter Wodskow and Emma Wods-
kow, Defendants-Appellants.

No. 10037.

Supreme Court of Idaho.

March 28, 1968.

James Annest, Burley, for appellants.

Parsons & Smith, Burley, for respond-
ent.

TAYLOR, Justice.

Plaintiff (respondent) brought this ac-
tion to recover possession of certain real
property. Defendants (appellants) by
counterclaim sought specific performance
of an option to purchase the property.
Upon plaintiff's motion the trial court
entered summary judgment dismissing the
counterclaim with prejudice. Defendants
brought this appeal from that judgment.

Defendants James Southern (a son of
plaintiff Matilda Southern) and his wife
Ruby Southern had lived upon and farmed

the land belonging to plaintiff for about fifteen years. In March, 1965, plaintiff appointed her daughter Mary Johnson attorney-in-fact to act on her behalf in certain transactions, including leasing and selling of her real property. March 31, 1965, through her attorney-in-fact plaintiff entered into a written lease whereby the property was leased to defendants James and Ruby Southern for a term commencing March 31, 1965, and ending March 1, 1966, at a rental of $1332.00. The lease granted to defendants Southern an exclusive option to purchase the property "at any time up to and prior to November 1, 1965," for the sum of $15,000.00 on terms therein provided, and requiring that "to exercise said option the lessees must give to the lessor *in writing,* a notice that the lessees exercise such option * * *."

The option was not exercised prior to its expiration date. After the expiration of the lease the Southerns remained in possession of the property and continued to farm it. In their cross-complaint defendants allege that by oral agreement between James and Ruby Southern and the plaintiff and her attorney-in-fact, the lease and option were extended for one additional year upon the same terms and conditions contained in the written lease; that on or about the 16th day of August, 1966, defendants James and Ruby Southern assigned all their right, title and interest in and to the lease and option to the defendants Walter and Emma Wodskow; and that on or about August 30, 1966, defendants Wodskow gave notice of their intention to exercise the option.

In their affidavits supporting plaintiff's motion for summary judgment, plaintiff and her attorney-in-fact averred that no oral extension of the lease and option had ever been discussed or entered into, nor had they, or either of them, consented to an assignment, or possession of the property by Wodskows; that they allowed defendants James and Ruby Southern to hold over in possession until late in May or early in June, 1966, when, upon being advised by Ruby that James Southern had abandoned the farm, Mary Johnson, the attorney-in-fact, resumed possession of the property and the care of the crops and stock thereon, but allowed Ruby Southern to continue to occupy the house. A divorce action was then pending between James and Ruby Southern.

Plaintiff's motion for summary judgment was presented pursuant to IRCP Rule 56(b). For the purpose of this appeal we assume that defendants' version of the facts is correct. IRCP Rule 56(c). Day v. Mortgage Insurance Corporation, 91 Idaho 605, 428 P.2d 524 (1967); Otts v. Brough Construction Co., 90 Idaho 124, 409 P.2d 95 (1965); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965); Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962). The presence of unresolved issues of material fact precludes summary judgment. E. S. Harper Co. v. General Insurance Co. of America, 91 Idaho 767, 430 P.2d 658 (1967); Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967); Day v. Mortgage Insurance Corporation, supra; Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966). However, the presence of factual issues which are not material do not preclude summary judgment. Jordan v. Pearce, 91 Idaho 687, 429 P.2d 419 (1967). Accepting defendants' version of the facts, the summary judgment dismissing the counterclaim was properly granted. By reason of the nature of such contract, time stated for the exercise of an option is of the essence, and no express provision stating that time "is of the essence" need be contained therein to make it so. Rosenaur v. Pacelli, 174 Cal.App.2d 673, 345 P.2d 102 (1959); Auslen v. Johnson, 118 Cal.App.2d 319, 257 P.2d 664 (1953); Washoma Petroleum Co. v. Eason Oil Co., 173 Okl. 430, 49 P.2d 709 (1935); Andersen v. Brennen, 181 Wash. 278, 43 P.2d 19 (1935).

By reason of the statute of frauds, a written option for the purchase of real property cannot be enforced under a claimed oral extension thereof after the time

therein limited has expired. I.C. § 9–503; Lawyer v. Post, 109 F. 512 (9th Cir. 1901); Hagenbuch v. Kosky, 142 Cal.App.2d 296, 298 P.2d 875 (1956); Adamson v. Vachon, 8 D.L.R. 240 (Sask., 1912).

Defendants contend the agreement in this case was removed from the operation of the statute of frauds, by part performance thereof, as permitted by I.C. § 9–504 and by reason of equitable estoppel. See Boesiger v. Freer, 85 Idaho 551, 381 P.2d 802 (1963).

■ The acts of defendants James and Ruby Southern in holding over as tenants upon agricultural land as permitted by I. C. § 6–303(2),[1] the payment of rent, and the unsubstantial improvements alleged to have been made by them, were all referable to the lease agreement, not to the option, and were insufficient to show a part performance of the option. The facts do not show that any acts on the part of defendants Southern or defendants Wodskow, in relation to the option were done in reliance upon any acts or conduct on the part of plaintiff or her attorney-in-fact. The lease expressly provided that

lessees could not sublease the premises without the written consent of the lessor. While defendants Wodskow claimed under an alleged assignment of the lease and option, the fact that the consent of plaintiff or her attorney-in-fact was neither sought nor granted, indicates they were not misled by, or that they relied upon any act or conduct of plaintiff or her attorney-in-fact, inconsistent with the position taken by them in the complaint for restitution and possession.

■ The oral extension of the option was within the statute of frauds and unenforceable by defendants Southern, and defendants Wodskow claiming as assignees were subject to the same defense on their counterclaim. Anderton v. Waddell, 86 Idaho 220, 384 P.2d 675 (1963); see Brumback v. Oldham, 1 Idaho 709 (1878).

Summary judgment affirmed.

Costs to respondent.

SMITH, C. J., and McQUADE, Mc-FADDEN and SPEAR, JJ., concur.

1. " * * * In all cases of tenancy upon agricultural lands, where the tenant has held over and retained possession for more than sixty days after the expiration of his term without any demand of possession or notice to quit by the landlord, or the successor in estate of his landlord, if any there be, he shall be deemed to be holding by permission of the landlord, or the successor in estate of his landlord, if any there be, and shall be entitled to hold under the terms of the lease for another full year, and shall not be guilty of an unlawful detainer during said year, and such holding over for the period aforesaid shall be taken and construed as a consent on the part of a tenant to hold for another year."