[Civ. No. 17791. Third Dist. July 30, 1979.]

JOSEPH A. RIPANI, Plaintiff and Respondent, v.
LIBERTY LOAN CORPORATION OF SAN JOSE et al.,
Defendants and Appellants.

604

## COUNSEL

Davis & Sauer and Douglas A. Holloway for Defendants and Appellants.

Russell, Jarvis, Estabrook & Dashiell and Laurence B. Dashiell for Plaintiff and Respondent.

## OPINION

**KLEAVER, J.**[*]—Defendant Liberty Loan Corporation of San Jose[1] appeals from a judgment of the Superior Court of Sacramento County in favor of plaintiff Joseph A. Ripani, doing business as Cal Pacific Development Company, on his complaint for monies due under a lease of office space. Defendant contends that the agent who purported to bind the company to the lease of office space was without written authority to do so and the lease is thus invalid under the statute of frauds. Defendant further contends the evidence is insufficient to support a finding that the agent had either actual authority or ostensible authority to bind defendant and the evidence is insufficient to establish that defendant ratified the acts of the agent. Finally, it is contended that the trial court failed to make necessary findings of fact and made ambiguous findings on material issues. We reject these contentions and affirm the judgment.

[*]Assigned by the Chairperson of the Judicial Council.

[1]Liberty Loan Corporation of San Jose is the successor in interest of Liberty Loan Corporation of Carmichael, with whom plaintiff dealt. The complaint was filed against those parties as well as Liberty Finance of St. Louis, the management subsidiary of the parent company of both corporations. The judgment was against Liberty Loan Corporation of San Jose and Liberty Loan Corporation of Carmichael. No contention is made that the judgment should have been against Liberty Finance of St. Louis, nor that the judgment was improper against Liberty Loan Corporation of San Jose. Herein the term "defendant" will be used to refer to both Liberty Loan Corporation of Carmichael and Liberty Loan Corporation of San Jose, since they have a unity of interest.

I

Plaintiff is the owner of commercial property located at 2371 Arden Way in Sacramento, California. In 1966 he leased office space to defendant for five years pursuant to a written lease that defendant prepared. In December 1970 plaintiff and defendant entered into a new written lease to commence March 1, 1971, and to terminate on February 28, 1974. Under the terms of that lease defendant had the option to renew the lease for an additional two years for $3,600 per annum, by giving written notice to plaintiff at least 30 days prior to the expiration thereof. It was agreed that should defendant hold over at the expiration of the lease or any extension thereof, it would be deemed to be a tenant from month-to-month and that such tenancy could be terminated with one month's written notice.

On January 3, 1974, plaintiff went to defendant's offices to collect the rent and remind defendant that the lease would soon expire and of defendant's option rights. Michael D. Anderson, who was then the branch manager of the Arden office, prepared and signed a notice that defendant was exercising its option to renew the lease for two years. Plaintiff accepted the renewal. Anderson later informed his superiors that he had executed the notice exercising the lease option.

Defendant, by letter dated March 28, 1974, notified plaintiff that it would not renew the lease, and would vacate the premises on or before April 30, 1974. This was the first notice to plaintiff of defendant's desire not to renew the lease. Defendant paid the rent through April 1974, and vacated the premises by April 4, 1974. Plaintiff made various efforts to relet the premises after defendant vacated, but was unsuccessful and the premises remained vacant throughout the period of the lease.

Plaintiff brought this action to recover the amount of the unpaid rent under the lease. At trial, the sole issue was whether the attempted exercise of the option to renew the lease by Anderson was valid. Defendant contended that Anderson was without authority to exercise the option and the company did not ratify his action. The trial court found in plaintiff's favor and entered judgment in the amount of the unpaid rent for the two-year renewal period less the amounts he had been paid in March and April 1974.

## II

Civil Code section 2309 provides: "An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing." Civil Code section 1624, subdivision (4), provides that a lease for a period longer than one year is invalid unless the lease, or a note or memorandum thereof, is in writing and subscribed by the party to be charged or his agent, and if by his agent, the lease is invalid unless the agent's authority is in writing and subscribed by the party to be charged. ■ The requirement of written authorization for an agent to enter into a contract which is itself required by law to be in writing (the "equal dignity rule") does not apply where the agent is an executive officer of a corporation. (*Jeppi* v. *Brockman Holding Co.* (1949) 34 Cal.2d 11, 17 [206 P.2d 847, 9 A.L.R.2d 1297].) The trial court found that Anderson was not an officer of the defendant, and that he had not received written directions from defendant to exercise the option in the lease. Defendant contends that the exercise of the option was therefore invalid.

Defendant relies upon *Hagenbuch* v. *Kosky* (1956) 142 Cal.App.2d 296 [298 P.2d 875], for the proposition that the exercise of an option in a lease is required by law to be in writing. That case did not so hold. *Hagenbuch* involved an alleged oral extension or renewal of a lease which did not contain an option for extension. The Court of Appeal held that such a renewal or extension of a lease in excess of one year is subject to the statute of frauds and therefore requires a writing. (*Id.,* p. 300.) The lease at issue herein contained a provision in writing giving defendant the right, upon written notice to plaintiff, to extend the lease for two years, and is thus inapposite from the lease in *Hagenbuch.*

■ An option contained in a lease is itself a contract, distinct from the lease to which the option relates. (*Warner Bros. Pictures* v. *Brodel* (1948) 31 Cal.2d 766, 771 [192 P.2d 949, 3 A.L.R.2d 691].) ■■ By entering into the option contract the parties effectively entered into a lease for the two-year period, subject to the defendant's exercise of the option. (*Id.,* at pp. 772-774.) The original lease with option to renew was in writing and properly executed by defendant. The exercise of the option to renew that lease does not violate the statute of frauds because the original written

lease satisfies the statute. (*Keller* v. *Pacific Turf Club* (1961) 192 Cal.App.2d 189 [13 Cal.Rptr. 346].)[2]

Since we conclude that the exercise of the option was not required by the statute of frauds to be in writing, it follows that the authority of an agent to exercise the option is not required by the statute of frauds to be in writing. Defendant contends, however, that since the lease called for a written exercise of the option, the agent's authority must be in writing.

■ It is the policy of California courts to construe the statute of frauds restrictively. Unless the statute clearly requires an agreement or authority to be in writing the statute is not to be applied. (*Sunset-Sternau Food Co.* v. *Bonzi* (1964) 60 Cal.2d 834, 838 [36 Cal.Rptr. 741, 389 P.2d 133]. See also *White Lighting Co.* v. *Wolfson* (1968) 68 Cal.2d 336, 346 [66 Cal.Rptr. 697, 438 P.2d 345]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 197, p. 180.) Civil Code section 2309 provides that an oral authorization is sufficient for *any purpose,* except entering into a contract *required by law* to be in writing. The language of section 2309 commences with a broad statement of application, followed by words of limitation. (*Sunset-Sternau Food Co.* v. *Bonzi, supra,* 60 Cal.2d at pp. 838-839.) The limitation would clearly apply to contracts required by statute or judicial decision to be in writing. ■ However, the statute does not apply to the exercise of a right which is required to be in writing by agreement of the parties. In accordance with the California policy of strict construction of the statute of frauds, we hold that Civil Code section 2309 does not require an agent to have written authorization to exercise a right required by agreement, but not by law, to be in writing.

■ Likewise, we find that nothing in Civil Code section 1624 requires that any right exercised under a valid written agreement of the parties be supported by written authorization of the agent exercising the right. We conclude therefore that Anderson was not required to have written authorization from defendant in order to effectively exercise the option in the lease.

[2]Defendant's reliance upon *Rosenaur* v. *Pacelli* (1959) 174 Cal.App.2d 673 [345 P.2d 102], is misplaced. That case held that the attempted exercise of an option in a lease was not timely under the terms of the lease and was therefore invalid. Defendant notes that the court stated (at p. 678): "Furthermore, such offers, if accepted, would fall squarely within the provisions of [the statute of frauds]." A reading of the case, however, establishes that the court was not referring to the exercise of an option in making that statement. The court had noted that since the time for exercising the option had expired the attempted exercise was merely a new offer, and the new offer would come within the statute of frauds. (*Id.,* at pp. 677-678.) The court in *Rosenaur* was not concerned with, and did not consider, whether the timely exercise of an option contained in a written contract must be in writing under the statute of frauds.

## III

Defendant contends that there was insufficient evidence to support a finding that Anderson had the authority to exercise the option in the lease. ▮ The question whether an agent acted within his authority is a question of fact for the trier of fact, and on appeal the finding of the trial court will not be disturbed where it is supported by substantial evidence. (*Tomerlin* v. *Canadian Indemnity Co.* (1964) 61 Cal.2d 638, 643 [39 Cal.Rptr. 731, 394 P.2d 571].)

An agent has such authority as a principal actually or ostensibly confers upon him. (Civ. Code, § 2315.) Actual authority is such as a principal intentionally confers upon an agent, or intentionally or by want of ordinary care allows the agent to believe himself to possess. (Civ. Code, § 2316.) Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess. (Civ. Code, § 2317.) An agent will normally have the authority to do everything necessary or proper and usual in the ordinary course of business for effecting the purpose of his agency. (Civ. Code, § 2319.) Authority may be granted to an agent either by a precedent authorization or a subsequent ratification. (Civ. Code, § 2307.)

▮ In order to establish actual or ostensible authority of an agent, the principal's consent need not be express, but may be implied from the facts of a particular case. (*Kelley* v. *R. F. Jones Co.* (1969) 272 Cal.App.2d 113, 120 [77 Cal.Rptr. 170].) An agent's authority may be established by circumstantial evidence, and the testimony of the agent is admissible to prove both the fact of the agency and the extent of the authority conferred. (*Ibid.*) We proceed to examine the evidence to determine whether it supports a finding of either actual or ostensible authority.

Anderson was the branch manager of the office. As branch manager, his duties included approving loans, supervising personnel, handling collections and repossessions, hiring and terminating employees, and signing checks on behalf of the company. Anderson would pay miscellaneous bills, office expenses, supplies, rent and attorneys' fees by check. The rent under the terms of the lease was paid to plaintiff by check signed by Anderson. Prior to the time Anderson executed the option, he had discussed with his superior the possibility of moving the business to a larger office. At his superior's direction he discussed the amount of space available with at least one lessor, and the amount the rent would be. After reporting the results of his search to his superior Anderson was told not to

search for other space, that the company had decided to retain plaintiff's space. Anderson signed the exercise of the lease option because he believed defendant intended to retain the office and he had the authority to exercise the option as branch manager of the office. The evidence supports a finding that Anderson had the actual authority to exercise the option in the lease.

The evidence further supports a finding that Anderson had ostensible authority to exercise the option. All dealings plaintiff ever had with the company were with the branch manager. Rent was paid by the branch manager by check signed by the branch manager. Any maintenance problem or duty plaintiff had under the lease was reported to him by the branch manager. The original lease, although signed by company officers and not the branch manager, was presented to plaintiff for his signature by the branch manager and plaintiff never met with anyone else from the company. Throughout the eight years plaintiff leased the premises to defendant, defendant always dealt with plaintiff through branch managers. Defendant placed a branch manager in the office with the extensive authority to operate the business and the apparent authority to deal with matters under the lease. These facts could properly indicate to plaintiff that the branch manager had the authority to exercise the option in the lease.

Defendant contends that plaintiff could not justifiably rely upon Anderson's ostensible authority to exercise the option because plaintiff had the additional duty to investigate. "It is true that a finding of 'reasonable' reliance may or may not require an original investigation by the plaintiff, depending on the facts of the case; but it is conceivable that a reasonable belief can be engendered in the mind of a third party by certain factors, such that there would be no necessity for further inquiry. If the reliance is found to be reasonable, there is no further duty to investigate." (*Beck* v. *Arthur Murray, Inc.* (1966) 245 Cal.App.2d 976, 981 [54 Cal.Rptr. 328].) The question whether ostensible authority is shown to exist is a question of fact for the trial court, and the evidence supports the finding of reasonable reliance. (*Yanchor* v. *Kagan* (1971) 22 Cal.App.3d 544, 550 [99 Cal.Rptr. 367]; see also *Thompson* v. *Occidental Life Ins. Co.* (1973) 9 Cal.3d 904, 912-914 [109 Cal.Rptr. 473, 513 P.2d 353].)

 We reject defendant's contention that plaintiff has shown no resulting injury due to his reliance upon Anderson's ostensible authority. Plaintiff received the written exercise of the option on January 3, 1974, and from that time until defendant ceased to pay rent on April 30, 1974,

plaintiff believed he had a valid lease. He therefore refused to negotiate with defendant for a periodic tenancy, insisting that he did not desire to have a month-to-month tenant. It was plaintiff's right under the lease to insist that defendant vacate the premises at the termination of the lease on February 28, 1974, unless the option was exercised, yet due to his belief that the option had been exercised plaintiff allowed defendant to remain. It is not possible through hindsight to know whether insistence by plaintiff that defendant negotiate for a new lease or exercise the option in the old lease would have resulted in a new lease or the exercise of the option, yet there was sufficient evidence in the record to support an inference that defendant would likely have renewed the lease. Anderson testified that defendant had indicated it would retain the premises, and defendant sought an option from plaintiff to expand the office space. Defendant's business in the branch office was doing well, and there is no indication that defendant had thought of vacating the premises prior to the time it had to exercise the option in the lease. Plaintiff's reliance on Anderson's exercise of the option resulted in his failure to insist that the company exercise the option and is sufficient injury to support the trial court's finding of ostensible authority.

We find the evidence sufficient to support the judgment on the theory that defendant ratified the exercise of the option by Anderson. When Anderson signed the statement purporting to exercise the option he informed his superior, the regional manager, that he had done so, and was told that defendant intended to retain the premises. Anderson was told to obtain plaintiff's signature to a clause that would provide it with an option for larger space if any opened up in plaintiff's premises. Anderson was instructed to prepare a new lease that would provide a 90-day notice prior to moving at the conclusion of the lease. Anderson was also sent a lease form. Defendant, although aware that Anderson had purported to exercise the option in the lease and that plaintiff was relying thereon, took no action to communicate to plaintiff that Anderson was without authority to do so and in fact remained in the premises beyond the termination of the original lease. When an oral authorization is sufficient for an agent to act, the principal ratifies the agent's act by accepting or retaining the benefits with notice of the agent's act. (Civ. Code, § 2310.) Defendant's continued occupation of the premises, with knowledge that Anderson had executed the exercise of the option and with the knowledge that plaintiff did not desire a month-to-month tenancy and was relying upon the exercise of the option, constitutes a ratification of the acts of Anderson. (See *Chain* v. *Ehrman* (1928) 92 Cal.App. 334 [268 P. 438]; *Gularte* v. *Martins* (1944) 65 Cal.App.2d 817

[151 P.2d 570], and *Monteleone v. Southern California Vending Corp.* (1968) 264 Cal.App.2d 798 [70 Cal.Rptr. 703].) Under the authority of these cases the trial court could properly conclude that defendant ratified Anderson's action in exercising the option by retaining the premises with knowledge that Anderson had exercised the option and that plaintiff was relying thereon, not desiring a month-to-month tenancy.

### IV

Defendant contends that the trial court failed to make a necessary finding of fact by failing to make a finding whether Anderson's authority to exercise the option in the lease was required to be in writing. Code of Civil Procedure section 634 provides that when written findings and conclusions are required, and the court has not made findings as to all facts necessary to support the judgment or a finding on a material issue is ambiguous. or conflicting, and the record shows that such omission, ambiguity or conflict was brought to the trial court's attention either prior to the entry of judgment or in conjunction with a motion for a new trial or to vacate a judgment, it shall not be presumed that the trial court found in favor of the prevailing party as to such facts or upon such issue.

We reject defendant's contention that the failure to find on the issue of the statute of frauds was brought to the trial court's attention, and thus we hold that Code of Civil Procedure section 634 has no application herein. When the court announced its intended decision, counsel for defendant asked the court to comment upon whether Anderson's authority was required to be in writing. That request was prior to the request for findings and conclusions and was not a request for a specific finding. The court's announcement of intended decision is not a judgment and is not binding on the court. (Cal. Rules of Court, rule 232(a).) The discussion upon the announcement of intended decision did not bring to the trial court's attention that required findings were omitted, ambiguous, or conflicting. Thereafter defendant failed to indicate to the court that findings on that issue were lacking either by objection to plaintiff's proposed findings or by request for specific findings.

Further, even if Code of Civil Procedure section 634 applied, we find the trial court's findings to be sufficient. The trial court found that Anderson was not an officer of defendant and had not received written direction from defendant to exercise the option. Under such circumstances, the issue whether his authority was required to be in writing was

a question of law, and the court need not resolve that issue in the findings.

Defendant finally contends that the findings of the trial court are ambiguous. Defendant interposed objections to two of the proposed findings, and the record reveals that after hearing certain changes were made in the proposed findings. The court entered the findings as modified. Defendant asserts that the findings as entered are not adequate.

Initially we note that defendant did not call to the trial court's attention the reasons it now alleges the findings are inadequate, and thus Code of Civil Procedure section 634, relied upon by defendant, has no application. ■ Further, if findings are made upon issues which determine the cause and uphold the judgment, other issues become immaterial and failure to find thereon does not constitute prejudicial error. (*Santoro* v. *Carbone* (1972) 22 Cal.App.3d 721, 730-731 [99 Cal.Rptr. 488].) The trial court's findings support the judgment. The trial court found that Anderson was the agent of the defendant in giving notice of the exercise of the option, that Anderson was allowed and directed to contact and negotiate with plaintiff concerning lease matters, and although defendant was aware that Anderson had notified plaintiff the option was exercised, it did not notify plaintiff that Anderson was without authority to do so and continued to deal with plaintiff through Anderson. These findings fully support the judgment and we find no error.

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.