Manchester District Court
No. 2003-451

190 ELM STREET REALTY, LLC

v.

HANNAH CAMERY BEAUDOIN

Argued: May 12, 2004
Opinion Issued: June 30, 2004

*Richard J. Joyal,* of Manchester, by brief and orally, for the plaintiff.

*Jon H. Levenstein,* of Bedford, by brief and orally, for the defendant.

DUGGAN, J. The defendant, Hannah Camery Beaudoin, appeals a ruling of the Manchester District Court (*Lyons,* J.) that the plaintiff, 190 Elm Street Realty, LLC, was entitled to recover possession of a commercial premises leased by the defendant. On appeal, the defendant argues that the trial court erred when it ruled that the original lease agreement was invalid after the expiration of the initial five-year term and that a new writing was required to satisfy the statute of frauds. We reverse and remand.

The following facts were found by the trial court or are evident from the record. On July 27, 1995, the defendant entered into a written agreement with Eleanore Pease to lease commercial property located at 200 Elm Street in Manchester. The lease began on September 1, 1995, and ended on August 31, 2000. Under the terms of the lease, the defendant was required to pay monthly rent of $3,500.00. Section three of the lease included the following provision: "At the expiration of this lease, Lessee reserves the right to extend this lease for [a] period of five more years with [m]onthly fixed rent of $3,650.00."

Prior to the expiration of the lease, the defendant sent Pease a letter stating: "I want to [l]et you know that we will be [h]ere [until at] [l]east 2005." In September 2000, pursuant to the terms set forth in section three of the lease, the defendant remained on the premises and began paying monthly rent of $3,650.00.

On March 27, 2003, the plaintiff purchased the property from Pease. Four days later, the plaintiff sent a letter to the defendant notifying her that beginning on May 1, 2003, it intended to increase the monthly rent to $5,650.00. The defendant ignored the plaintiff's letter and continued to pay monthly rent of $3,650.00.

After making the requisite demand for rent and serving the defendant with a notice to quit, the plaintiff filed a writ in Manchester District Court seeking to recover possession of the premises. *See* RSA 540:13 (Supp. 2003). After a hearing, the district court ruled that the statute of frauds rendered the lease agreement invalid after the expiration of the initial five-year term. Consequently, the court ruled that the defendant was a tenant at will and her failure to pay the increased rent was sufficient grounds for eviction. This appeal followed.

On appeal, the defendant argues that the trial court erred when it ruled that the original lease agreement was invalid after the expiration of the initial five-year term and that a new writing was required to satisfy the statute of frauds. We agree.

■ A lease is a form of contract that is construed in accordance with the standard rules of contract interpretation. *N.A.P.P. Realty Trust v. CC Enterprises*, 147 N.H. 137, 139 (2001). Language used by the parties to the agreement should be given its standard meaning as understood by reasonable people. *Echo Consulting Services v. North Conway Bank*, 140 N.H. 566, 569 (1995). In the absence of ambiguity, the intent of the parties to a lease is to be determined from the plain meaning of the language used. *Id.* The proper interpretation of a lease is ultimately a question of law for this court to determine. *N.A.P.P. Realty Trust*, 147 N.H. at 139.

■ A majority of courts that have considered this issue have held that the "statute of frauds does not apply to an extension of a lease, as this is a continuation of the previously existing lease." 49 AM. JUR. 2D *Landlord and Tenant* § 142 (1995); *see also Signal Management Corp. v. Lamb*, 541 N.W.2d 449, 454 (N.D. 1995); *Ripani v. Liberty Loan Corp. of Carmichael*, 157 Cal. Rptr. 272, 276 (Ct. App. 1979); *Daehler v. Oggoian*, 390 N.E.2d 417, 424 (Ill. App. Ct. 1979). "An option contained in a lease is itself a contract, distinct from the lease to which the option relates." *Ripani*, 157 Cal. Rptr. at 276. Accordingly, when the original lease with the option to renew is in writing and properly executed, the exercise of the option to extend the lease "does not violate the statute of frauds because the original written lease satisfies the statute." *Id.*

In the present case, section three of the lease provides:

> The term of this lease shall be for a period of five years beginning on September 1, 1995 and continuing until August 31, 2000. At the expiration of this lease, Lessee reserves the right to extend this lease for [a] period of five more years with [m]onthly fixed rent of $3,650.00.

Section three is part of the original lease, which is in writing and signed by both the defendant and Pease. There is no dispute that the original lease satisfied the statute of frauds. The defendant and Pease were therefore not required to formally execute a new agreement. Accordingly, we conclude that the trial court erred when it ruled that a new writing was required to satisfy the statute of frauds and extend the terms of the original lease agreement.

In addition to responding to arguments raised by the defendant, the plaintiff raises a number of its own arguments on appeal. In one argument, the plaintiff contends that even if the statute of frauds is satisfied, the defendant failed to properly exercise her option to extend the agreement. Given that the plaintiff failed to file a cross-appeal, these issues are not properly before the court. *See Unit Owners Assoc. of Summit Vista v. Miller,* 141 N.H. 39, 43 (1996). We therefore decline to address them and express no opinion as to whether the issues can be argued on remand.

*Reversed and remanded.*

BRODERICK, C.J., and NADEAU, DALIANIS and GALWAY, JJ., concurred.