IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34793

| | | |
|---|---|---|
| WILMA CLAIRE JUSTAD, | ) | Coeur d'Alene, April 2009 Term |
| Plaintiff-Respondent-Cross Appellant, | ) | 2009 Opinion No. 86 |
| v. | ) | Filed: June 18, 2009 |
| RONALD WARD, person representative of the PHYLLIS A. GASSER ESTATE, | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant-Cross Respondent. | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable John T. Mitchell, District Judge.

The judgment of the district court is <u>reversed</u>.

William Appleton, Coeur d'Alene, for appellant.

Lukins & Annis, Coeur d'Alene, for respondent. Peter J. Smith IV argued.

_____

HORTON, Justice

This is an appeal from the district court's grant of specific performance of an option to purchase real property. Ronald Ward (Ward) appeals the district court's finding that Wilma Claire Justad (Justad) timely exercised an option to purchase real property from the estate of Phyllis Gasser (Gasser), for which he is the personal representative, and the district court's finding that the option is enforceable. Justad cross-appeals the district court's decision to deny her attorney fees and seeks an award of attorney fees on appeal. Because we reverse the district court's holding that Justad timely exercised the option and hold that she did not, we decline to address whether the option is enforceable. We also hold that Justad is not entitled to an award of attorney fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1978, Justad and her husband entered into two written agreements with Justad's sister, Gasser, and her husband. The first was a contract wherein the Gassers agreed to sell and the Justads agreed to purchase approximately 113 acres of real property in Harrison, Idaho. The

second was an option contract whereby for $100 the Justads acquired an option to purchase property located adjacent to the 113 acres that was the subject of the first contract.

The purchase price of the property under the option was to be $97,000 "payable in equal annual installments from the date of exercise of said Option over a ten (10) year period of time, without interest upon the unpaid principal balance." The option could be:

> [E]xercised upon the mutual consent of all parties to this Agreement, in writing, or the JUSTED'S [sic] may elect to exercise said Option upon the deaths of both JOHN W. GASSER and PHYLLIS A. GASSER. Provided, that said election shall be exercised within sixty days of the death of the last to die . . . .

*Id.* John Gasser died in 1984, and Phyllis died on February 19, 2006.

Ward initiated a probate proceeding for Gasser's estate, and the court scheduled a hearing on the application for April 11, 2006. Upon receiving notice of the hearing, which was to take place in Kootenai County, Justad instructed her daughter, Jodi Justad-Hood (Justad-Hood), to travel from Boise to Coeur d'Alene and attend the hearing in order to convey Justad's intent to exercise the option. Justad-Hood attended the hearing and explained that she was there on Justad's behalf and that she held Justad's power of attorney. Justad-Hood also uttered the phrase "my mother owns a . . . ." The magistrate judge mistakenly thought that Justad-Hood's purpose at the hearing was to object to the appointment of Ward as personal representative, and thus the judge interrupted Justad-Hood as she began to explain her purpose and ordered the hearing continued until June 15, 2006. At the June 15, 2006 hearing, Ward was appointed personal representative of Gasser's estate; earlier the same day Justad provided written notice to Ward's attorney of her intent to exercise the option.

Ward refused to recognize Justad's exercise of the option, and Justad filed a complaint on June 16, 2006, seeking specific performance of the option. After a court trial on October 15, 2007, the district court ruled that Justad was entitled to specific performance of the option. Specifically, the court held that the contract does not lack essential terms and is thus enforceable; that Justad timely exercised the option at the April 11, 2006 hearing; and, alternatively, that Justad timely exercised the option through her June 15, 2006 letter. The district court entered its judgment on November 16, 2007, from which Ward appeals. Justad cross-appeals the district court's decision not to award her attorney fees and requests an award of attorney fees on appeal.

## II. STANDARD OF REVIEW

Imposition of an equitable remedy requires a balancing of the equities, which is inherently a factual determination; therefore, the district court's imposition of such a remedy should be reviewed for an abuse of discretion. *West Wood Inv., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005). A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason. *Id.* (citing *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 768, 86 P.3d 475, 482 (2004)).

Review of a trial court's conclusions from a bench trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. *Benninger v. Derifield*, 142 Idaho 486, 488-89, 129 P.3d 1235, 1237-38 (2006) (citing *Alumet v. Bear Lake Grazing Co.*, 119 Idaho 946, 949, 812 P.2d 253, 256 (1991)). Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of the witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered. *Rowley v. Fuhrman*, 133 Idaho 105, 107, 982 P.2d 940, 942 (1999). This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. *Ransom v. Topaz Mktg., L.P.*, 143 Idaho 641, 643, 152 P.3d 2, 4 (2006); I.R.C.P. 52(a). If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. *Benninger*, 142 Idaho at 489, 129 P.3d at 1238. This Court will not substitute its view of the facts for that of the trial court. *Ransom*, 143 Idaho at 643, 152 P.3d at 4. However, this Court exercises free review over matters of law. *Bolger v. Lance*, 137 Idaho 792, 794, 53 P.3d 1211, 1213 (2002) (citing *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999)).

## III. ANALYSIS

Because we find that Justad failed to timely exercise the option, either at the April 11, 2006 hearing or through her June 15, 2006 letter, we decline to address whether the option is sufficiently certain in its essential terms so as to be enforceable. Ward has not requested attorney fees, and because Justad is not the prevailing party, we decline her request for attorney fees below and on appeal.

**A. The district court erred in finding that Justad exercised the option at the April 11, 2006 hearing.**

Ward argues that although it was later established that Justad-Hood only attended the April 11, 2006 hearing in order to exercise the option on Justad's behalf, that purpose was not disclosed at the hearing and thus Justad did not successfully exercise the option. We agree.

Formation of a valid contract requires a meeting of the minds as evidenced by a manifestation of mutual intent to contract. *Inland Title Co. v. Comstock*, 116 Idaho 701, 703, 779 P.2d 15, 17 (1989). This manifestation takes the form of an offer followed by an acceptance. *Id.* An option contract is an offer that, upon sufficient consideration, may not be revoked for an agreed upon amount of time. *See* 17A Am. Jur. 2d Contracts § 53 (2d ed. 2008). An acceptance of an option is an expression by the offeree that accepts the offer in accordance with the terms of the offer. *See* IDJI 6.05.2. The acceptance is not complete until it has been communicated to the offeror. *Id.* Acceptance of an offer must be unequivocal. *Huyett v. Idaho State Univ.*, 140 Idaho 904, 909, 104 P.3d 946, 951 (2004). Generally, silence and inaction does not constitute acceptance. 17A Am. Jur. 2d Contracts § 98 (2d ed. 2008). More specifically:

> Because assent to an offer that is required for the formation of a contract is an act of the mind, it may either be expressed by words or evidenced by circumstances from which such assent may be inferred, such as the making of payments or the acceptance of benefits. Anything that amounts to a manifestation of a formed determination to accept, and is communicated or put in the proper way to be communicated to the party making the offer, completes a contract.
>
> A response to an offer amounts to an acceptance if an objective, reasonable person is justified in understanding that a fully enforceable contract has been made, even if the offeree subjectively does not intend to be legally bound. This objective standard takes into account both what the offeree said, wrote, or did and the transactional context in which the offeree verbalized or acted.

17A Am. Jur. 2d Contracts § 91 (2d ed. 2008).

At the April 11, 2006 hearing on Ward's application for informal probate of the will and appointment as personal representative of the estate, Justad-Hood stated the following: "I'm here just to hear what I – I was not sure what this court date – what this court was – was about. And I flew up here from Boise last night. Um, my point is, is that my mother sold some – that my mother owns a –." The magistrate judge then interrupted her, stating that a hearing needed to be scheduled to address any objection to Ward's appointment and expressing concern as to Justad-Hood's standing to present such an objection. Justad-Hood responded: "I have my mother's power of attorney." The court responded that "a power of attorney doesn't allow someone to come to court and act as an attorney" and *sua sponte* ordered that the hearing be

- 4 -

rescheduled. After a discussion regarding scheduling and the necessity of an attorney appearing on behalf of Justad, Justad-Hood stated: "I'm – I'm sorry, your Honor, I – I just – I really was not sure what was going on today. And I wanted to be present to hear what was happening."

The district court found that "notice of intent to exercise the option, while somewhat incomplete . . . was on the record, it was in open court, and were it not for [the magistrate judge's] interruptions, the statement would've been clearly communicated." The court went on to note the testimony from Justad and Justad-Hood that Justad-Hood's only purpose in attending the hearing was to exercise the option, and that there was no evidence to contradict that the option was the only thing Justad owned that was relevant to the hearing. The court thus inferred that, but for the magistrate judge's interruptions, Justad-Hood would have finished her statement that "my mother owns a –" with words making it clear that Justad "owned" the option and wished to exercise it.

The district court applied an incorrect legal standard in reaching this conclusion. The pertinent inquiry is not whether the offeree intended to communicate acceptance of the offer; rather, the inquiry is whether the offeree communicated acceptance of the offer. Justad-Hood did not unequivocally state that Justad accepted the offer. Rather than stating that she was at the hearing to learn what was going on, Justad-Hood could have informed the court and Ward that she was present on her mother's behalf to exercise the option. Justad-Hood did not tender payment or otherwise objectively manifest Justad's intent to exercise the option. Given these circumstances, an objective, reasonable person observing the events of the April 11, 2006 hearing could not conclude that a contract had been formed based upon Justad-Hood's incomplete statement in which she made no mention of the option or its subject matter. We thus hold that Justad failed to exercise the option at the April 11, 2006 hearing.

**B. The district court erred in finding that Justad alternatively exercised the option through her June 15, 2006 letter.**

The district court found as a matter of law that the sixty-day period after Gasser's death in which Justad could exercise the option did not begin to run until Ward was appointed personal representative on June 15, 2006. The court reasoned that prior to Ward's appointment, there was no one upon whom Justad could serve notice of her intent to exercise the option. The court therefore found that Justad's letter of June 15, 2006, stating that she intended to exercise the option was timely. The difficulty with the district court's conclusion is simply this: Justad gave notice to Ward's attorney of her intention to exercise the option *prior* to his appointment. The

district court did not explain why it felt that notice given outside of the sixty days specified in the option, but before Ward was appointed, should be given legal effect.

In *Southern v. Southern*, 92 Idaho 180, 438 P.2d 925 (1968), this Court stated that "[b]y reason of the nature of such contract, [the] time stated for the exercise of an option is of the essence and no express provision stating that time 'is of the essence' need be contained therein to make it so." *Id*. at 181, 438 P.2d at 926 (citing *Rosenaur v. Pacelli*, 345 P.2d 102 (Cal. App. 1959); *Auslen v. Johnson*, 257 P.2d 664 (Cal. App. 1953); *Washoma Petroleum Co. v. Eason Oil Co.*, 49 P.2d 709 (Okla. 1935); *Andersen v. Brennen*, 43 P.2d 19 (Wash. 1935)).

We agree with the district court's implicit conclusion that notice to Ward would have been sufficient to convey Justad's acceptance of the offer extended in the option contract; however, we are unable to agree with the district court's conclusion that the notice given on June 15, 2006 was timely. The option contract specified the time in which it was required to be exercised, i.e., "said election shall be exercised within sixty days of the death" of Phyllis Gasser. As Justad did not give notice to Ward – nor to anyone else associated with the Gasser estate – within the sixty days specified by the option, and because time is of the essence in an option contract, we are unable to conclude that Justad's attempt to exercise the option was timely. The district court erred by granting summary judgment in Justad's favor.

**C. Justad is not entitled to attorney fees.**

By way of cross-appeal, Justad asserts that the district court erred by failing to award her attorney fees pursuant to I.C. §§ 12-120(1) and 12-120(3). She also asks this Court to award her attorney fees on appeal pursuant to these provisions and I.C. § 12-121. An award of attorney fees pursuant to these statutes would only be appropriate if Justad were the prevailing party. Because we conclude that Justad did not timely communicate her exercise of the option, she is not the prevailing party. She is thus not entitled to an award of attorney fees.

## IV. CONCLUSION

The district court abused its discretion in granting specific performance of the option because it failed to apply the applicable legal standards. We therefore reverse the judgment granting specific performance in favor of Justad. We decline to award Justad attorney fees. Costs to Appellant.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.