FILED

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **PECK ORMSBY CONSTRUCTION COMPANY,** | No. 11-36016 |
| Plaintiff - Appellee, | D.C. No. 1:10-cv-00545-WBS |
| v. | **MEMORANDUM**<sup>*</sup> |
| **CITY OF RIGBY,** | |
| Defendant-cross-plaintiff - Appellee, | |
| v. | |
| **PARKSON CORPORATION,** | |
| Cross-defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted May 10, 2013
Portland, Oregon

Before: **KOZINSKI**, Chief Judge, **BERZON** and **HURWITZ**, Circuit
Judges.

---

    <sup>*</sup>    This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

The City of Rigby is estopped from challenging the validity of the arbitration clause in the performance guarantee it received from Parkson Corporation. Even though the city never signed the guarantee, it "cannot accept [its] benefits . . . and at the same time question its validity." 28 Am. Jur. 2d Estoppel and Waiver § 60 (2013); accord 9 U.S.C. § 2; Nghiem v. NEC Elecs., Inc., 25 F.3d 1437, 1439 (9th Cir. 1994); Justad v. Ward, 211 P.3d 118, 121 (Idaho 2009); Billings v. City of Orlando, 287 So.2d 316, 318 (Fla. 1973). The city received the guarantee and installed the guaranteed product years before it ever objected to any part of the guarantee. By suing, the city now seeks to further enjoy the benefits of the guarantee, yet avoid its burdens by refusing arbitration. This it cannot do. See also Comer v. Micor, Inc., 436 F.3d 1098, 1101–02 (9th Cir. 2006); Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 414, 417–18 (4th Cir. 2000). The district court shall order the parties to arbitrate any claims covered by the performance guarantee.

**REVERSED**.